Harold Hartlieb, t/d/b/a Harrisburg Machine & Welding Co., Appellant, *v.* Workmen's Compensation Appeal Board and Benedict J. Nissel, Appellees.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Lloyd R. Persun,* with him *Robert J. Woodside, David E. Fritchey* and *Shearer, Mette, Hoerner & Woodside,* for appellant.

*William J. Madden, Jr.,* for appellees.

OPINION BY JUDGE WILKINSON, February 8, 1974:

The issue raised in this appeal[1] from the award of compensation by the referee and the Board to claimant-appellee under Section 306(c)(8) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §513, raises the very narrow question of the meaning of the word "complete" in that Section when it provides: "(8) for the complete loss of hearing, in both ears. . . ."[2] Subsection (c) lists 21 categories of injuries to various parts of the body for which permanent loss of use is compensated, in 20 of which only the word "loss" is used, whereas in the category of loss of hearing in both ears, the word "complete" is used, as quoted above.

The Board found: "Thus we can and do find that Mr. Nissel has a 100% loss of hearing in his right ear; 74% loss of hearing in his left ear; binaural loss of 78%; and acoustic nerve trauma reducing ability to discrim-

---

[1] For reasons that are not clear, the referee included in the award "$60 a week for a period of 10 weeks, constituting the healing period." Inasmuch as there was affirmative testimony by the claimant that he did not lose any time away from work and that he did not suffer a loss of earnings, such an award is inappropriate and could not stand, even if there had been a complete loss of hearing.

[2] This section was amended by Act No. 61 of 1972, effective May 1, 1972. Inasmuch as the accident here occurred on April 14, 1970, the 1972 amendment is not applicable.

inate spoken words, to the degree of one foot in the right ear and three feet in the left ear." The Board concluded that since in the case of the 20 categories of (c) which do not use the word "complete," the courts have ruled that "loss of use" means loss "for all practical intents and purposes," it would apply this phrase to (c)(8) which has the word "complete." We cannot agree and must reverse.

The Board arrives at this result by adopting the reasoning of *Lowe v. American Radiator & Standard Sanitary Corporation,* 178 Pa. Superior Ct. 137, 143, 113 A. 2d 330, 333 (1955): "Where there is substantial doubt concerning the intent of the legislature, it is our duty to adopt a rule of liberal construction as a guide in order to effectuate the remedial purpose of the act." The *Lowe* case is inapposite, for there is no doubt in our minds that when the Legislature said "complete loss of hearing in both ears," it meant something more than "binaural loss of 78%."

At the hearing before the referee, the following occurred: "Referee Ricchiuti: Do you want to stipulate for the record his wage, what happened, and then leave the legal end of it or the decision up to the Referee? Mr. Madden: You listen to what I say and if anything I say is not right, then you correct it; o.k.? The Claimant: o.k." This is hardly a statement to make to, or a response to receive from, a claimant who has suffered a complete loss of hearing. Indeed, based on that statement by claimant's attorney and claimant's response, as well as a review of the entire record, it might be difficult to sustain an award based on the standard "for all practical intents and purposes." It is interesting to note that *claimant's* medical expert, in his response of December 6, 1971, more recent than employer's medical expert's report of December 1, 1971, relied on by the Board to find 100% loss of hearing in the right ear, and 74% in the left ear, found that claimant-appellant's

hearing loss was 60% in the right ear and 55% in the left ear with some additional practical loss due to the acoustic nerve trauma, reducing his ability to discriminate spoken words.

Accordingly, we enter the following

### ORDER

Now, February 8, 1974, the order of the Workmen's Compensation Appeal Board, dated July 12, 1973, in the above matter is reversed, and the claimant's petition is dismissed.