Mary McElhaney, Administratrix of the Estate of Willard McElhaney, Appellant, *v.* Fort Pitt Bridge Works, Appellee.

Submitted on briefs May 8, 1975, to Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*Lawrence R. Zewe,* with him *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE WILKINSON, May 27, 1975:

The narrow issue before us is whether the lower court[1] was correct in affirming the Workmen's Compensation Board's finding that the appellant's decedent[2] had not sustained his burden of proof that he had suffered the permanent loss of use of his left foot for all practical intents and purposes. A careful review of the record, being only the testimony of the claimant and his doctor, compels us to conclude that the lower court was correct and we affirm.

The parties agree that, as interpreted by the courts, Section 306(c) of the Pennsylvania Workmen's Com-

---

1. The accident occurred on February 21, 1966. The hearings were held in 1969 and 1970. The Board's decision was filed July 22, 1971. A timely appeal was filed to the lower court which affirmed the Board on July 22, 1974.

2. During the pendency of the appeal from the Board to the lower court, the claimant died and the caption was amended appropriately by petition.

pensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §513 (Supp. 1974-1975), requires the loss of use to be "for all practical intents and purposes." Judge WRIGHT, later President Judge, of the Superior Court reviewed the law in this area in a case strikingly similar to the instant one, making it unnecessary for us to repeat it here. *See Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A.2d 578 (1964). Here, at best, perhaps the record could support a finding that the claimant had suffered the "industrial loss of use of a foot." We say only perhaps, for that was the opinion of the claimant's doctor. Nevertheless, the record shows clearly that at the time of the hearing, claimant continued to work at the same job and at the same pay as he had before the accident, albeit with considerable discomfort.

In *Hartlieb v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 118, 314 A.2d 519 (1974), we had occasion to review a record in connection with "complete" loss of hearing in both ears under Section 306(c)(8), the only sub-section to use the word "complete." There, the Board had used the "for all practical intents and purposes" rule. We held that "complete" required a different test. However, we observed, on a record which might be considered by some to be stronger in support of the claimant than the instant one, that the evidence probably would not support a claim of loss of hearing even for all practical intents and purposes.

Under such circumstances, we cannot find that the lower court was incorrect in affirming the Board's finding that the claimant had not carried his burden of proving the loss of use of the left foot "for all practical intents and purposes."

Affirmed.