Raymond E. Mullen and Workmen's Compensation Appeal Board *v.* United States Steel Corporation, Appellant.

Argued October 28, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Richard F. Lerach,* for appellant.

*Richard G. Spagnolli,* with him *McArdle, Henderson, Caroselli, Spagnolli & Beachler,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, December 22, 1976:

Raymond E. Mullen (claimant) was injured while working as a machinist for United States Steel Corporation (appellant) on March 29, 1973, when he sustained a deep laceration of the proximal interphalangeal joint (middle knuckle) of his right index finger. In response to his petition for compensation under Section 306(c) of The Pennsylvania Workmen's Compensation Act[1] (Act), several hearings were held, after which the referee awarded claimant compensation for the loss of use of his finger. Appellant's appeal to the Workmen's Compensation Appeal Board (Board) resulted in the affirmation of the award. Appellant now seeks review by this Court, raising as the sole issue for our consideration the propriety of the finding of loss of use.

This Court's scope of review in a workmen's compensation case where the party with the burden of proof prevailed below is limited to a determination of whether the referee's necessary findings of fact are supported by substantial competent evidence and whether errors of law were committed or constitutional rights were violated. *Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975). Questions of credibility and resolution of conflicting testimony are for the referee, not the reviewing court.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513, paragraph (24) of which states in pertinent part: "Permanent loss of the use of a . . . finger . . . shall be considered as the equivalent of the loss of such . . . finger. . . ." Paragraph (10) provides compensation "[f]or the loss of a first finger, commonly called index finger, sixty-six and two-thirds per centum of wages during fifty weeks."

This Court is mindful that a finding of loss of use under Section 306(c) is not a finding that the injured member has absolutely no use. *Curran v. Walter E. Knipe & Sons, Inc.,* 185 Pa. Superior Ct. 540, 138 A.2d 251 (1958). Rather, it is a finding of loss of use for all practical intents and purposes within the liberally construed permanent-loss provision of the Act. *Hartlieb v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 118, 314 A.2d 519 (1974). Indeed, such a finding should be made in light of this Court's prior pronouncement that Section 306(c) should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee. *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974); *Sims v. American Can Company,* 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972).

In the instant case, we have no difficulty upholding the referee's finding that claimant had proved loss of use for all practical intents and purposes. Claimant's expert, Dr. Gerald W. Pifer, convincingly opined that claimant had sustained such loss because he had lost most of the sensation on the thumb side of the index finger, the digit's most important sensory area, and because he had lost some movement of the member. It also appeared that after the accident the claimant used his finger neither in the precision-tool work required of machinists nor in other more common activities requiring use of the index finger *qua* index finger.[2]  While appellant offered expert testi-

---

[2] For example, both the claimant and Dr. Pifer testified that the injured finger was not used in writing with a pen or pencil. In this and other activities, claimant "worked around" the finger by using another finger. *Cf. Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A.2d 578 (1964), and *Conley v. Allegheny County,* 131 Pa. Superior Ct. 236, 200 A. 287 (1938), where the injured member had been in constant use.

22

mony which challenged Dr. Pifer's opinion of loss of use, the testimony did not dispute the facts upon which the opinion was based. We do not consider it error to give significant weight to Dr. Pifer's testimony and accordingly we hold that the referee's finding of fact was based on substantial competent evidence.

ORDER

AND Now, this 22nd day of December, 1976, the appeal of United States Steel Corporation is hereby dismissed, and the order of the Workmen's Compensation Appeal Board dated March 4, 1976 is affirmed. Accordingly, it is ordered that judgment be entered in favor of Raymond E. Mullen and against United States Steel Corporation in the amount of $100 per week, beginning March 30, 1973 and continuing for a period of 50 weeks, in the total sum of $5,000, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.