Teledyne Penn Union Electric and Argonaut Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ralph Henry Burge, Respondents.

Submitted on briefs September 15, 1978, to Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Richard H. Scobell,* for petitioners.

*Edward P. Wittmann,* for respondent.

OPINION BY JUDGE BLATT, October 24, 1978:

Teledyne Penn Union Electric and Argonaut Insurance Company (appellants) appeal here from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of compensation benefits to Ralph Henry Burge, who suffered a work-related injury to the little finger of his left hand on July 5, 1974. Awarded workmen's compensation benefits on the basis of total disability, the claimant returned to work in September of 1974 after a two month absence and executed a final receipt. On or about May 7, 1975, however, he filed a new Claim Petition alleging the loss of use of the same finger, and the referee, treating this petition as a Petition to Set Aside a Final Receipt and relying on medical evidence submitted by Burge's attending physician, awarded benefits for loss of use of one-half of the finger. On appeal, and after taking additional evidence consisting of an examina-

tion of Burge's finger, the Board affirmed the award citing Section 306(c)(15) of The Pennsylvania Workmen's Compensation Act (Act).[1] This appeal followed.

Our scope of review being limited here to a determination of whether or not an error of law was committed, constitutional rights were violated, or findings of fact are unsupported by substantial evidence, and the essence of the appellants' argument being that there was insufficient evidence to sustain the referee's finding that the claimant had "proven the loss of use of one-half of his fourth or little finger," we must also affirm. A finding of loss of use under Section 306(c) is a finding of loss of use for all practical intents and purposes within the liberally construed permanent-loss provision of the Act. *Mullen v. U. S. Steel Corp.*, 28 Pa. Commonwealth Ct. 19, 367 A.2d 336 (1976). And such a finding is, of course, made in the light of this Court's prior holding that Section 306(c) should be construed so that every reasonable intendment of its express language should be upheld in behalf of the employee. *Sims v. American Can Co.*, 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972). An examination of the record reveals here that the referee received a medical report from the claimant's physician, who stated that in all probability the claimant had lost fifty percent use of his little finger. We believe that this evidence was sufficient to support the finding of fact, for it is "such relevant evidence as a

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(15). This section provides:

> The loss of any substantial part of the first phalange of the finger, or an amputation immediately below the first phalange for the purpose of providing and [sic] optimum surgical result shall be considered loss of use of one-half of the finger. Any greater loss shall be considered the loss of the entire finger.

reasonable mind might accept as adequate to support" the conclusion reached. *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 530, 536, 377 A.2d 833, 836 (1977). Moreover, in addition to accepting the referee's findings, the Board also took independent evidence which it concluded confirmed the referee's conclusion.

The order of the Board is affirmed.

ORDER

AND Now, this 24th day of October, 1978, the decision of the Workmen's Compensation Appeal Board granting benefits to Ralph Henry Burge is affirmed and it is ordered that judgment be entered in favor of Ralph Henry Burge and against Teledyne Penn Union Electric and Argonaut Insurance Co. in the sum of $103.00 weekly for a period of 20 weeks.