Paul E. Burkey, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and North American Rockwell, Respondents.

Argued March 14, 1980, before Judges Mencer, Craig and Williams, Jr., sitting as a panel of three.

*Marc S. Jacobs*, of *Galfand, Berger, Senesky, Lurie & March*, for appellant.

*D. Frederick Muth*, of *Rhoda, Stoudt & Bradley*, for appellee.

Opinion by Judge Mencer, April 23, 1980:

Paul E. Burkey (claimant) filed a claim petition alleging he had suffered the loss of use of one-half of his right thumb, for all practical intents and purposes, as a result of a work-related injury which occurred on December 3, 1974. A referee found that claimant had suffered a 50-percent loss of function of his right thumb and awarded claimant compensation for loss of use of one-half of his thumb. The employer, North American Rockwell, appealed to the Workmen's Compensation Appeal Board (Board), which concluded that the referee had "made what appeared to be inconsistent findings of fact" and had not clearly indicated that claimant's loss of use of his right thumb was a loss for all practical intents and purposes. *See Mullen v. United States Steel Corp.*, 28 Pa. Commonwealth Ct. 19, 367 A.2d 336 (1976). Therefore, the

644

Board set aside the referee's determination and remanded this case to the referee "to determine whether claimant has lost the use of ½ of his right thumb for all practical intents and purposes."

Claimant has appealed here from this remand order of the Board. The Board's order was interlocutory, and therefore we quash this appeal sua sponte. *See* Judge Roger's discussion in *Gilroy v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 152, 377 A.2d 1302 (1977).

ORDER

AND Now, this 23rd day of April, 1980, the appeal of Paul E. Burkey in the above captioned case is hereby ordered quashed.