Armco Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard G. Losco, Respondents.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*John J. Petrush, Petrush & Miller, Ltd.,* for petitioner.

*Anthonio D. Pyle,* with him *Joel Persky, Baskin and Sears,* for respondent, Richard G. Losco.

OPINION BY JUDGE WILLIAMS, JR., May 20, 1982:

Petitioner Armco Steel Corporation (Armco Steel) has appealed to this Court from an order entered by the Workmen's Compensation Appeal Board (Board). The Board affirmed a referee's decision awarding claimant Richard G. Losco (Losco) compensation for the loss of use of one-half of his left index finger.

Claimant was injured in the course of his employment with Armco Steel on February 13, 1979, when he

sustained a deep laceration of the distal phalange of his left index finger. As a result of this injury, he was assigned to a job he was capable of performing, and received benefits until his return to regular duties on March 18, 1979. A final receipt was executed by the claimant on September 21, 1979.

Subsequently, the claimant filed a Petition to Set Aside the Final Receipt, alleging the loss of use of one-half the index finger. Following hearings held before him on May 2, 1980 and on August 1, 1980, the referee rendered a decision awarding claimant benefits for loss of use of one-half of the finger under Section 306(c) of The Pennsylvania Workmen's Compensation Act.[1] Petitioner's appeal to the Workmen's Compensation Appeal Board resulted in affirmation of the award. The matter is now before this Court on Armco Steel's Petition for Review. The sole issue for our consideration is whether there is sufficient evidence to support the referee's finding that claimant has lost the use of one-half his left index finger for all practical intents and purposes.

Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law committed, or whether any finding of fact necessary to support the referee's adjudication is not supported by substantial evidence. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981). When a finding of fact of the referee is supported by substantial evidence, neither the Board

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513. In *Sims v. American Can Co.,* 6 Pa. Commonwealth Ct. 423, 296 A.2d 290 (1972), we held that the loss of use for all practical intents and purposes of one-half of a finger is compensable under Section 306 (c) (15) of the Act, 77 P.S. §513(15).

nor this Court has any power to disturb that finding. *See, Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation,* 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975).

It is to be observed that it is not necessary that the injured member be of absolutely no use in order for a claimant to qualify for compensation under Section 306(c). Rather, the proper test to be applied under this section is whether the claimant has suffered permanent loss of use of the injured member for all practical intents and purposes. *Mullen v. U.S. Steel Corp.,* 28 Pa. Commonwealth Ct. 19, 367 A.2d 336 (1976).

In the instant matter, the referee received into evidence a medical report from the claimant's physician, Dr. Gerald W. Pifer. In his report, Dr. Pifer stated:

> There is 90 degrees of flexion at the proximal interphalangeal joint and only 20 degrees of flexion at the distal interphalangeal joint. There is decreased sensation along both the radial and ulnar sides of the digit. . . .
>
> . . . There are degenerative changes of the distal interphalangeal joint and very early degenerative changes of the proximal interphalangeal joint of the left index finger. . . .
>
> . . . *It is my opinion that he has lost one half the use of his left index finger for all practical intents and purposes.*
>
> It is also my impression that this disability is of a permanent nature. (Emphasis added.)

The petitioner asserts that, because Dr. Pifer opined that claimant *"has lost one-half the use* of his left index finger,'' the referee's finding of *loss of use of one-*

*half* the finger is not supported by substantial evidence. We disagree.

First, we note that in *Teledyne Penn Union Electric v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 265, 392 A.2d 359 (1978), the referee received a medical report from the claimant's physician, who stated that in all probability the claimant had lost fifty percent use of his little finger. This Court held that this evidence was sufficient to support the referee's finding that the claimant therein had lost the use of one-half the finger.

Furthermore, the instant record reveals sufficient evidence, in addition to Dr. Pifer's opinion, to support the referee's finding that Losco has lost the use of one-half his left index finger. The claimant testified that the use of both hands is required in his work, and that his injured finger interferes therewith. He stated that he tries "to keep it out of the way" and is not able to bend the finger. Based on his observations of the claimant's hand, the referee found that "the claimant has severe limitation of motion at the distal interphalangeal joint of the left index finger and moderate limitation of motion at the proximal interphalangeal joint." He also observed "a laceration with serious scarring along the interfacet of the finger."

We believe that Dr. Pifer's opinion, the claimant's testimony, and the referee's observations amply support the referee's finding that the claimant has lost the use of one-half his left index finger for all practical intents and purposes. Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

AND Now, the 20th day of May, 1982, the Order of the Workmen's Compensation Appeal Board at No. A-79765, dated May 21, 1981, is hereby affirmed. The

petitioner is directed to pay the claimant compensation at the rate of $227.00 per week for a period of twenty-five (25) weeks, commencing on March 18, 1979. Interest is assessed at the rate of 10% per annum on accrued compensation, from the date accrued. The petitioner is further ordered to pay claimant's counsel $190.00 for costs incurred in the prosecution of this matter. Attorney's fees in the amount of 20% of the compensation awarded to the claimant shall be paid by the petitioner directly to Thomas W. Henderson, Esquire. The balance of the compensation award shall be paid directly to the claimant.

Judge MENCER did not participate in the decision in this case.

