M. A. Bruder & Son, Inc., et al., Petitioner *v.* Workmen's Compensation Appeal Board (Thomas Harvey), Respondents

Thomas Harvey, Petitioner *v.* Workmen's Compensation Appeal Board (M. A. Bruder & Son, Inc. & Penna. Mfrs. Assn. Insurance Co.), Respondents.

Argued October 15, 1984, before Judges WILLIAMS, JR. and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Marc Myers,* with him, *Howard M. Ellner,* for petitioner/respondent, M. A. Bruder & Son, Inc., et al.

*George Martin,* for respondent/petitioner, Thomas Harvey.

OPINION BY JUDGE WILLIAMS, JR., December 6, 1984:

Thomas Harvey fractured and dislocated his left ring finger on November 23, 1977, while employed by M. A. Bruder and Sons, Inc. Temporary total disability benefits were paid under a notice of compensation payable. On June 20, 1979, the employer unilaterally suspended benefits, petitioned to modify the notice of compensation payable and requested a discretionary supersedeas as of that date. The modification petition alleged that Harvey's injury had resulted in spe-

cific loss of the finger, the benefits for which are found in Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(12). The claimant answered and denied that his injury had resolved into a specific loss, challenged the unilateral termination of total disability benefits and requested the immediate resumption of compensation retroactive to June 20, 1979.

The referee found that Harvey's injury had resolved into a specific loss of the finger on November 29, 1978, the date on which Dr. Lawrence H. Schneider, the treating physician, examined claimant and concluded that the injured finger sustained a permanent 75% loss of function. The fact finder then credited the employer for total disability benefits paid after November 29, 1978, the date on which the 30 weeks of specific loss payments should have commenced under Section 306(c). The employer's supersedeas request was retroactively granted as of June 20, 1979.

The Workmen's Compensation Appeal Board affirmed the referee's granting of the modification petition, but awarded compensation between June 20, 1979, the date benefits were unilaterally terminated by the employer, and February 2, 1981, the date of the referee's decision. Notwithstanding the board's repudiation of the referee's grant of a "retroactive supersedeas," the board refused to assess a penalty in accordance with Sections 413(b) and 435(d)(i) of the Act, 77 P.S. §§774.1 and 991(d)(i), because no award purportedly existed upon which the penalty could have been imposed. The claimant and employer cross-appealed from the board's order.

The first question is whether substantial evidence supports the referee's finding that claimant lost the use of his left ring finger for all practical intents and

purposes.[1]  Dr. Schneider, an orthopedic surgeon who was the treating physician, testified (by deposition) that the injured finger permanently sustained a 75% loss of function based on the finger's restricted motion and claimant's complaints of pain. This testimony, which was accepted as credible by the referee, was corroborated by the referee's observation of claimant's bent, swollen finger. The medical testimony, which established a 75% functional loss, and the referee's observation amply support the referee's finding that claimant has lost the use of his left ring finger for all practical intents and purposes. *See Gindy Manufacturing Company v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977).

The next issue concerns the propriety of the board's reinstatement of benefits between June 20, 1979 and February 2, 1981. We believe that the employer violated Section 413(b) of the Act, 77 P.S. §774.1, when it unilaterally suspended benefits without having submitted a supplemental agreement, final receipt, termination petition accompanied by the appropriate affidavits or having received a discretionary supersedeas from the referee. The board's repudiation of the referee's "retroactive supersedeas" and its reinstatement of compensation beginning June 20, 1979 was therefore proper. *See Holy Spirit Hospital v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 372, 406 A.2d 583 (1979).

---

[1] The employer, as the party seeking to modify the compensation agreement, has the burden of proof. Since the employer prevailed before the referee, and the board has not taken additional evidence, our scope of review is limited to determining whether constitutional rights were violated, an error of law committed and whether the findings of fact are supported by substantial evidence. *Armco Steel Corporation v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 524, 445 A.2d 566 (1982).

The board's order awarded compensation to February 2, 1981, the date of the referee's decision, which, the board believed, was when the nonpayment was initially authorized. By interlocutory decision dated February 22, 1980, however, the referee granted the employer's supersedeas request as of June 20, 1979.[2] Since the withholding of benefits was first authorized on the date of the issuance of the referee's discretionary supersedeas order, benefits are reinstated between June 20, 1979 and February 22, 1980, the date the referee's interlocutory order was issued. *See Holy Spirit Hospital.*

Claimant also challenges the board's refusal to assess a 10% penalty on the compensation due under Sections 413(b) and 435(d)(i) of the Act. Section 435(d)(i) authorizes a court, the Department of Labor and Industry and the board to penalize employers and insurers in "a sum not exceeding ten per centum of the amount awarded and interest accrued and payable" for violations of the Act and regulations. The board denied penalties because no "amount awarded" existed against which penalties could be assessed since the employer prevailed on the merits.

We disagree with the board's unduly restrictive interpretation of the language "amount awarded." The employer's unjustified, unilateral withholding of benefits in violation of Section 413(b) triggers the penalty provision at Section 435(d)(i). As authorized by Section 435(d)(i) we impose a 10% penalty on the compensation (plus interest accrued) due from June

[2] The referee's interlocutory decision of February 22, 1980, which was attached to the employer's brief as "Exhibit 'A'," was acknowledged by the parties in their briefs and in oral argument before this Court. The order, however, was not included in the record certified below. Given the absence of any dispute surrounding the existence and effect of the referee's order, we shall consider it in the interest of judicial economy.

20, 1979 through February 21, 1980, the eight month period during which the employer wrongfully suspended benefits. *See Holy Spirit Hospital* (penalty imposed on compensation which was unilaterally suspended based on substantially defective physician's affidavit).

The claimant, however, is not entitled to recover attorney's fees. The employer's medical deposition provided a reasonable basis for the contest, which was resolved in favor of the employer. *See Henderson v. Workmen's Compensation Appeal Board (Rockwell International, Inc.)*, 69 Pa. Commonwealth Ct. 613, 452 A.2d 277 (1982); *see also* Section 440 of the Act, 77 P.S. §996.

We accordingly affirm, with modification, the board's order.

ORDER

AND Now, this 6th day of December, 1984, the order of the Workmen's Compensation Appeal Board at A-80813, dated February 11, 1982, is affirmed with the following modification: A 10% penalty is imposed on compensation, with interest accrued, due from June 20, 1979 through February 21, 1980.