Louis Polight, Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.

Submitted on briefs October 8, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*John W. McTiernan, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Leonard P. Kane, Jr.,* for respondents, Jones & Laughlin Steel Corporation.

OPINION BY JUDGE MACPHAIL, November 6, 1985:

Louis Polight (Claimant) appeals from a denial of attorney's fees by the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of attorney's fees because it concluded that the contest of the claim by Jones & Laughlin Steel Corporation (Employer) was reasonable. Compensability for the injury itself is not at issue in this appeal.

Claimant worked as a shearman for Employer. On April 23, 1982, Claimant tripped over a hose on Employer's premises and fell to the ground, injuring his back. Claimant filed a claim petition on September 7, 1982, requesting counsel fees. Although Employer filed an answer to the petition specifically denying that Claimant sustained an injury while in the course of his employment, Employer admitted that Claimant reported to the plant dispensary but contested the date.[1] Employer also alleged that Claimant was not

---

[1] We note that Employer presented no witnesses at the hearing. Instead, Employer relied upon its health center dispensary record to show Claimant was derelict in notifying Employer of his injury. Our review of the record reveals that the dispensary record indicates that Claimant reported the injury on April 25, 1982, but that his treatment was to involve a return visit to the health center on

entitled to receive attorney fees because the accident was unwitnessed[2] and Claimant had had a pre-existing noncompensable back injury.

At the start of the hearing before the referee, counsel for Claimant stated that the only issue before the referee was the issue of attorney's fees. After the hearing, the referee awarded Claimant attorney's fees because he felt that Employer did not have a reasonable basis to contest the claim petition. Employer appealed to the Board, which reversed the award of attorney's fees.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996, added by Section 3 of the Act of February 8, 1972, P.L. 25 provides:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . .; Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established . . . .

Whether there is a reasonable basis for the contest is a conclusion of law subject to review by this Court. *See Cleaver v. Workmen's Compensation Appeal Board (Wiley/Continental Food Service)*, 72 Pa. Commonwealth Ct. 487, 456 A.2d 1162 (1983). "The primary question in determining the reasonableness

---

April 24, 1982. We believe that the referee was correct in finding that the April 25, 1982 date recorded in the dispensary record was erroneous.

[2] Employer's assertion that there were no witnesses to the injury is simply a mischaracterization of Claimant's testimony and does not support Employer's position.

of an employer's contest is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment." *Ehrhart v. Workmen's Compensation Appeal Board (Liquor Control Board)*, 78 Pa. Commonwealth Ct. 123, 125, 466 A.2d 1139, 1140 (1983).

The Board, in reversing the referee's award of counsel fees, stated that:

> Upon hearing claimant's testimony, [Employer's] attorney admitted liability and a notice of compensation payable was entered into subsequently whereby the claimant received compensation for total disability. This was done after [Employer's] counsel had an opportunity to cross-examine the claimant. There were no other witnesses produced by the claimant. Therefore, claimant's credibility was clearly an issue in this case and we therefore cannot hold that the contest was unreasonable.

It is Claimant's position that inasmuch as Employer admitted liability *prior* to receiving Claimant's testimony that Employer did not adduce any evidence which would establish the reasonableness of Employer's contest. After a careful review of the testimony, we agree that the statement was made prior to receiving such testimony and not after as was indicated by the Board. Employer did not admit liability after hearing Claimant's testimony, as in *McGowan v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 508, 432 A.2d 272 (1981). Employer's acquiescence on the issue of its liability *before the hearing* established Claimant's status as the prevailing party. *Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 74 Pa. Commonwealth Ct. 234, 459 A.2d 1317 (1983). Claimant's credibility was therefore *not* an issue in this case.

Employer contends that it had reason to believe that Claimant's injury was not work-related but was due to a prior non-work injury. However, Employer did not present *any* evidence at the hearing to rebut Claimant's medical evidence, which included Claimant's testimony, his doctor's report and hospital records. Employer here clearly did not carry his burden in proving it had a reasonable basis for the contest. *Compare M. A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984) (employer's medical deposition provided a reasonable basis for the contest). Therefore, we will reverse the Board's order denying Claimant counsel fees.

ORDER

The order of the Workmen's Compensation Appeal Board, dated June 28, 1984, at No. A-85154, is reversed.