248

550 A.2d 610

Penn Window & Office Cleaning Co., Petitioner *v.* Workmen's Compensation Appeal Board (Pearsall), Respondents.

Argued October 6, 1988, before Judges BARRY and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward D. Klym, Trushel, Klym & Asti,* for petitioner.

*Michael A. Johnson,* for respondent, George Pearsall.

OPINION BY SENIOR JUDGE BARBIERI, November 22, 1988:

Penn Window & Office Cleaning Company, Petitioner, Employer in this workmen's compensation case, seeks review here of a Workmen's Compensation Appeal Board (Board) order, reversing a supersesdeas order of a referee and assessing a penalty of twenty percent (20%) pursuant to the provisions of Section 435(d)(i) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §991.

George Pearsall, Claimant, was receiving total disability benefits for an injury suffered in the course of his employment with Petitioner on December 1, 1984; biweekly compensation payments initially sent by mail to his address at the time of the injury, 143 East Stuben Street, Pittsburgh, Pennsylvania. Shortly after suffering his work injuries and disability, Claimant moved to 527 Main Street, Latrobe, Pennsylvania, to which new address Employer's insurer began sending benefit checks

and continued to do so for a period of approximately one year.

On February 27, 1986, Employer's insurer filed a petition for termination, but listing Claimant's address incorrectly at the 143 East Stuben Street, Claimant's former address in Pittsburgh, so that he failed to receive notice and, therefore, was absent from an ex parte hearing on May 5, 1986, attended only by Employer's counsel. At that hearing the referee issued an oral supersedeas order from the bench, suspending Claimant's compensation. Apparently, no notice of this order was ever sent to Claimant. When he learned of the cessation of benefit payments, he filed a Petition for Reinstatement including therein a statement requesting recision of the oral supersedeas order and reinstatement of his benefits. He also filed with the Board an appeal nunc pro tunc with regard to the supersedeas order.

Subsequently, at a conference before the referee when a hearing was scheduled on Claimant's Petition for Reinstatement, August 14, 1986, it was agreed that the record, closed "on the Termination Petition on 5/5/86 . . . would be reopened as to the Termination Petition."[1] R.R. at 18a.

After a hearing before the Board on Claimant's appeal nunc pro tunc, the issue as to the validity of the referee's oral supersedeas order of May 5, 1986 was reviewed by the Board. In an opinion dated November 14, 1986, Commissioner Robert P. Fohl stated:

> Chairman Fergus opined, for the benefit of the Defendant, that it was his understanding and belief that an oral order granting Supersedeas was invalid and that the Defendant was putting himself at risk for the stoppage of com-

---

[1] We find no indication in the Reproduced Record filed with this Court as to the disposition of Claimant's Reinstatement Petition.

pensation payments without a valid order.[2] Our subsequent research indicates that such is precisely the case. In Commonwealth of Pennsylvania v. W.C.A.B., 469 A.2d 705 (1984), the Commonwealth Court held that a Referee's grant of oral supersedeas is a nullity and that the employer's request for supersedeas should be treated as if it had been denied. The Court further cited Section 418[3] of the Act requiring that all orders entered by a Referee on petitions assigned to him for hearing be made in writing. In M. A. Bruder & Son, Inc. vs. W.C.A.B., 485 A.2d 93 (1984), the Court further held that a 'retroactive supersedeas' granted by a Referee was properly repudiated by the Board. In this case the Court also held that the employer's unjustified, unilateral withholding of benefits was a violation of the Act and triggered the penalty provision.

In any event, we shall dismiss the Appeal as we conclude that there has been no valid action by the Referee which could be appealed. Claimant's Appeal concerns a Supersedeas Order which we conclude simply does not exist.

R.R. at 18a-19a.

Following this decision of the Board, the referee issued an order dated December 9, 1986, termed an "Interlocutory Order," as follows:

At the hearing on May 5, 1986, a supersedeas was verbally granted, and that ruling is hereby reiterated and reissued.

This order also entered without hearing was apparently mailed to the parties on December 24, 1986.

---

[2] Reference is to the Board hearing on September 18, 1986.
[3] 77 P.S. §833.

Claimant again appealed to the Board, citing error in the referee's order of December 9, 1986, filed December 24, 1986.

In the meantime, after the first hearing before the Board, on September 18, 1986, but before the Board's opinion of November 14, 1986, was filed, Claimant filed a petition dated October 24, 1986, seeking penalties of twenty percent (20%) of compensation payments due Claimant under the provisions of Section 413(b)[4] (Illegal Suspension of Payments) and Section 435(d)(i).[5]

Claimant's second appeal to the Board, still asserting invalidity of the "supersedeas," or the Employer's cessation of payments, resulted in an order by the Board under date of June 19, 1987 reversing the referee. The Board reiterated its comments stated on the previous appeal as to the invalidity of the supersedeas actions by the referee. The Board then stated:

> In defiance of the Court's[6] holding to which his attention was called by the Board Opinion, the Referee here nonetheless wrote an 'Interlocutory' Order, which is the subject of the instant Appeal, stating that: 'At the Hearing on May 5, 1986, a supersedeas was verbally granted, and that ruling is hereby reiterated and reissued'. As in Bruder, this Board now repudiates the retroactive grant of Supersedeas by the Referee. *We further note that, prior to the issuance of the retroactive Supersedeas, the Referee held no additional Hearing on the matter of the Supersedeas, and thus based his Order solely on the ex*

---

[4] 77 P.S. §774.1.

[5] 77 P.S. §991.

[6] Reference is to the holding in *M. A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984), that a referee's grant of retroactive supersedeas was properly repudiated by the Board.

*parte Hearing held on May 5, 1986.* Claimant did not receive a notice of the filing of any petition nor did he receive a Hearing Notice for May 5, 1986 as the Defendant had supplied an incorrect address to the Referee. Consequently we must conclude that the ex parte Hearing on May 5, 1986 was not a properly constituted Hearing, and that there still is not in effect any valid or legal Supersedeas Order, unless such an Order has been issued subsequent to December 24, 1986, and has been issued following a proper Hearing. (Emphasis added.)

We therefore Order and direct the Defendant to reinstate compensation benefits as of the date payments were stopped, with statutory interest thereon. These payments are to continue to the date of the issuance of a legal, proper, and written Supersedeas Order issued after a Hearing where both parties have had an opportunity to be heard.

Based on the Court's holding in Bruder, we further determine that Defendant's unjustified and illegal withholding of benefits has triggered the penalty provisions of Section 435(d)(i)[7] of

---

[7] Section 435(d) of the Act provides that either the "department, the Board, or any Court which may hear any proceedings brought under this Act shall have the power to impose penalties as provided herein . . ."

Subsection (i) of Section 435(d) provides:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of *unreasonable or excessive delays.* Such penalty shall be payable to the same persons to whom the compensation is payable. (Emphasis added.)

the Act. We will impose a 20 percent penalty as we determine that this delay in payment of benefits was both unreasonable and excessive. Defendant was alerted to the fact that an oral Supersedeas was a nullity at the oral argument in September, 1986; the Board repeated this in its Opinion of November 14, 1986; also in that Opinion we pointed out that a Supersedeas may not be granted retroactively; and the Defendant still did not reinstitute benefits. We find that this was unreasonable and that the delay was excessive.

## ORDER

The so-called Interlocutory Order of the Referee is illegal and improper and therefore not immune to Appeal, and that Order is Reversed.

The Defendant is Ordered to pay all past due benefits since no effective Supersedeas yet exists, plus statutory interest, plus a penalty of 20 percent.

Having studied the provisions of the Act and the Regulations and what record there is available to us, we affirm the Board's order for the payment of compensation and interest and affirm in part the assessment of penalties under Section 435(d)(i).

It will serve no useful purpose to add to or reiterate what the Board has said about the invalidity of the attempted supersedeas, which is clearly a nullity in that it is based on the oral order of May 5, 1986, ex parte, and also is of no effect since it is not in writing; it is further defective in that there has been no notice to the Claimant of a supersedeas hearing, nor was one ever held with him present or represented, and the written order of December 9, 1986, effective December 24, 1986, while in writing, is illegally retroactive and, further-

more, Claimant is still without the necessary due process hearing on the request for supersedeas.[8]

The Department's Rules and Regulations include Section 121.28, 34 Pa. Code, which reads:

> In any case in which a petition to terminate . . . is designated as a request for supersedeas, supersedeas may be granted at the discretion of the referee *only after a hearing* has been scheduled and held pursuant to the provisions of the Workmen's Compenstion Act. (Emphasis added.)

It goes without saying, of course, that a hearing which is ex parte due to a failure to provide notice to one of the parties, is not a due process hearing, nor is it of any legal significance under the terms of the Act and the Regulations enacted thereunder. The Department's Special Rules of Administrative Practice and Procedure Before Referees provides:

### SUPERSEDEAS

Sec. 131.31 Request for supersedeas.

(a)   In any case in which a petition to terminate or modify, a notice of compensation payable, an agreement, supplemental agreement or award pursuant to section 413(a) of the act (77 P.S. sections 771-774) is designated as a request for supersedeas, supersedeas may be granted at the discretion of the referee *only after a hearing*. (Emphasis added.)

Furthermore, Section 418 of the Act, 77 P.S. §833, requires that orders by a referee shall be made in writing.

---

[8] On Employer's brief it is noted that following a hearing, a subsequently appointed referee granted a supersedeas as of February 24, 1987, circulated March 13, 1987. Of course, this action by a referee is not before us and we cannot consider it, nor do we express any opinion with regard thereto.

However, the Employer's main contention is that the Board's reversal of the referee's reported supersedeas is in error since the referee's decision on the supersedeas request is not appealable under a provision in Section 413(a), 77 P.S. §774, which reads:

The referee *hearing the case* may consider any other fact which he deems to be relevant when making the decision on the supersedeas request and the decision shall not be appealable. (Emphasis added.)

Employer's contention against the right to appeal misconstrues the real issue in this case. The principal issue, of course, is the failure to serve notice and provide a hearing on Employer's request for supersedeas. In our examination of the record, there still has been no hearing on the Employer's application for supersedeas and, as noted, none of the referee's orders in this regard have any validity. Claimant thus had a right to appeal, if not from the order of supersedeas, which we have noted is a nullity, but he had an absolute right of appeal where the decision is rendered without notice. In *Branch v. Workmen's Compensation Appeal Board (Somerset Knitting Mills)*, 38 Pa. Commonwealth Ct. 374, 376-377, 393 A.2d 55, 57 (1978), we stated:

While it is undoubtedly true that a claimant must receive notice of a hearing . . . proper recourse in the event of failure to receive such notice is a timely appeal.

Here, the timely appeal involved in the proceeding before us is the appeal of January 14, 1987 from a referee's decision of December 9, 1986, mailed to the parties on December 24, 1986. This was an appeal from an order entered without notice to Claimant or a hearing.

Accordingly, we affirm the Board's order that benefits be reinstated in the absence of a valid supersedeas order.

We come now to the Board's assessment of twenty percent (20%) penalties, the assessment of which is also claimed by the Employer as Board error. The Employer's reasoning is that it had the right to rely upon the May 5, 1986, purported order for supersedeas, even when entered orally in an ex parte proceeding. Employer contends:

> The petitioner in the instant case justifiably relied on the Referee's decision when it suspended Worker's [sic] Compensation payments. This was not a situation where the employer unjustifiably and unilaterally withheld payments.

We must question the validity of Employer's contention. Certainly, there can be no question that the Employer continued to withhold benefits at its peril following the admonition by Chairman Fergus at the Board hearing on September 18, 1986 in Pittsburgh.

Whether or not a hearing is required in order to form the basis for an assessment of penalties under Section 435(d), it seems obvious that Employer has no acceptable defense to its failure to make payments after the Board's admonition at the hearing before it on the first Board appeal and in the opinion filed November 14, 1986. We perceive no basis for disagreeing with the Board's assessment of the penalty under Section 435(d)(i),[9] but, on the record before us, we conclude that such twenty percent (20%) penalty should begin only as of September 18, 1986, the date of the Board's hearing and warning.

There remains one question raised by Claimant requesting assessment of counsel fees. We agree that Claimant is entitled to counsel fees, but measured by the period during which payments of benefits was dis-

---

[9] As we have noted, Section 435(d), provides that penalties may be imposed by the Board. *See,* Footnote 7.

continued either willfully or on the basis of an obviously illegal supersedeas. In our view, on the record before us in this case, the Employer was fully on notice that the ex parte hearing on May 5, 1986, was a nullity for lack of notice due to the insurer's error in providing to the referee an address for Claimant which on its records and in its communications to Claimant was charged with knowledge of its falsity. It follows that under the terms of Section 440, 77 P.S. §996, attorney's fees are properly assessable against Employer and its insurer.

It has long been settled that "the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer or carrier's contest is reasonably based," *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975), and that whether a contest is reasonable is a question of law. *Gunther v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 487, 444 A.2d 1342 (1982).

In the recent Supreme Court case of *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass),* 515 Pa. 315, 331, 528 A.2d 580, 588 (1987), our Supreme Court stated:

> By the plain language of section 440, the award of costs incurred for witnesses, necessary medical examination and the value of unreimbursed lost time to the successful claimant is mandatory, and admits of no exception. A limited exception is recognized for attorney fees where a 'reasonable basis for the contest has been established,' and where the compensation authorities exercise their discretion to exclude ('*may* be excluded') attorney fees. (Emphasis in original.)

Although a remand was awarded in *Farquhar,* it was because the record there required the exercise of a fact-finder's discretion as to the reasonableness of the con-

test. The record here, including the Board's comments make it clear, without further litigation, that a reasonable basis for the contest so far in this case cannot be found.[10] We make no comment, of course, as to future litigation. We will order the payment of reasonable attorney's fees.[11]

### ORDER

NOW, November 22, 1988, the order of the Workmen's Compensation Appeal Board, dated June 19, 1987, as of No. A-92828, is hereby affirmed in part and modified to order payment of regular benefits from May 5, 1986, until and if a proper supersedeas is granted; penalties of twenty percent (20%) of unpaid compensation and interest is ordered paid to Claimant on all compensation payments due from September 18, 1986; and attorney's fees of twenty percent (20%) on all regular benefit payments is hereby assessed and awarded to Claimant in accordance with the foregoing opinion.

---

[10] No credibility issue requiring remand exists in this case. *See Polight v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel)*, 92 Pa. Commonwealth Ct. 582, 585, 499 A.2d 1114, 1116 (1985).

[11] An award of attorney's fees of 20% of compensation awarded is "legislatively" declared to be reasonable per se. *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa. Commonwealth Ct. 39, 43, 342 A.2d 810, 813 (1975).