# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tiffany Bellamy, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1647 C.D. 2015 |
| | : | Submitted: February 5, 2016 |
| Workers' Compensation Appeal | : | |
| Board (Trustees of the University of | : | |
| Pennsylvania), | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                            **FILED:  July 8, 2016**

Tiffany Bellamy (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that modified the decision of a Workers' Compensation Judge (WCJ) to limit the reinstatement of her partial disability benefits to the period prior to the date that she had fully recovered from her work injury.  We conclude that the Board did not err and therefore affirm.

In 2012, Claimant was employed by the Hospital of the University of Pennsylvania (Employer) as an executive administrative assistant.  (WCJ Decision Finding of Fact (F.F.) ¶1; 2/12/13 Hearing Transcript (H.T.) at 10-11, Reproduced Record (R.R.) at 48a-49a.)  On August 3, 2012, Employer issued a Notice of Compensation Payable (NCP) accepting as compensable a repetitive use injury

sustained by Claimant on July 6, 2012 and describing Claimant's work injury as a "right hand/wrist/forearm strain." (WCJ Decision F.F. ¶1; NCP, R.R. at 4a.) From July 23, 2012 to September 28, 2012, Claimant did not work as a result of this injury and Employer paid Claimant total disability benefits. (WCJ Decision F.F. ¶¶1-2; NCP, R.R. at 4a; H.T. at 11-13, R.R. at 49a-51a.) On September 28, 2012, Claimant returned to light duty, part-time work and Employer's insurer issued a notification of modification reducing her benefits to partial disability as of that date. (WCJ Decision F.F. ¶2; H.T. at 13-14, R.R. at 51a-52a; Notification of Modification, R.R. at 6a.) On October 26, 2012, Employer issued a medical only Notice of Temporary Compensation Payable (NTCP) for an October 12, 2012 "left wrist/hand/arm shoulder strain" repetitive use injury that later converted to a medical only NCP. (WCJ Decision F.F. ¶5; NTCP, R.R. at 7a.)

On December 6, 2012, Employer sent Claimant a job offer letter notifying her that her light duty accommodations were available in her full-time position and directing her to return to that full-time light duty position starting December 7, 2012. (H.T. at 17, 23, R.R. at 55a, 61a; Employer Ex. 2.) Claimant received that letter on or about December 6, 2012, but did not report to work or advise Employer that she was willing to continue to work at her part-time light duty position. (H.T. at 18, 23, 33, R.R. at 56a, 61a, 71a.) On December 10, 2012, Employer's insurer issued a notification of suspension suspending Claimant's benefits effective December 7, 2012 on the ground that Claimant had returned to work with no loss of earnings. (WCJ Decision F.F. ¶2; Notification of Suspension, R.R. at 8a.) Although the notification of suspension specifically advised Claimant that she must file a challenge if she objected to the suspension (Notification of

2

Suspension, R.R. at 8a), Claimant did not file any challenge to the notification of suspension.

On December 27, 2012, Claimant filed a petition for reinstatement of benefits and petition to review compensation benefits alleging that her total disability recurred on December 5, 2012 and seeking to expand the description of the July 2012 work injury to include her left upper extremity injuries that were accepted as medical only in the October 2012 NTCP. (Review/Reinstate Petition at 2; WCJ Decision F.F. ¶3.) On December 27, 2012, Claimant also filed a penalty petition, alleging that Employer violated the Workers' Compensation Act (the Act)[1] by failing to reinstate her total disability benefits on December 5, 2012. (Penalty Petition at 2; WCJ Decision F.F. ¶4.) Employer filed answers to the petition for reinstatement and review and the penalty petition denying liability. On July 19, 2013, Employer filed a petition to terminate compensation benefits alleging that Claimant had fully recovered from her work injuries. (Termination Petition at 1-2; WCJ Decision F.F. ¶7.) All four petitions were consolidated and heard by the same WCJ.

The WCJ held an evidentiary hearing at which Claimant testified and also received testimony by trial deposition of three witnesses: Claimant; Dr. Rekant, an orthopedic surgeon who had treated Claimant and performed nerve decompression surgery on her right elbow in February 2013; and Dr. Osterman, the orthopedic surgeon who examined Claimant on behalf of Employer. Claimant testified that she continued to have right and left upper extremity pain and that she stopped working and did not return to work in December 2012 because of that

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

3

pain. (WCJ Decision F.F. ¶9(d)-(f).) Claimant also testified that her pain continued after the right elbow surgery and that she had failed to go to the most recent appointment with Dr. Rekant and had not rescheduled that appointment. (*Id.* F.F. ¶13(b)-(c), (e).) Dr. Rekant opined that Claimant suffered right and left elbow ulnar nerve neuropathy caused by her work for Employer, that her right elbow surgery was related to her work injury, and that she was not able to return to her time of injury job in December 2012 or as of April 2013. (*Id.* F.F. ¶10(c), (e)-(f), (h)-(i).) Dr. Osterman opined that as of his examination of Claimant on February 18, 2013, Claimant had no right upper extremity repetitive use injury, that if Claimant sustained such an injury, she had fully recovered as of February 18, 2013 and could return to her full time work, and that surgery was not appropriate for her condition. (*Id.* F.F. ¶12(b), (g)-(j).)

On July 22, 2014, the WCJ issued a decision on Employer's termination petition and Claimant's petitions for reinstatement, review and penalties. The WCJ rejected Claimant's testimony concerning her pain and inability to perform her preinjury job as not credible. (WCJ Decision F.F. ¶16.) The WCJ found Dr. Osterman's testimony credible and persuasive, rejected Dr. Rekant's testimony to the extent that it was not consistent with Dr. Osterman's testimony, and found that Claimant had fully recovered from her work injury as of February 18, 2013. (*Id.* F.F. ¶¶17-21.) The WCJ therefore granted Employer's termination petition as of February 18, 2013 and denied Claimant's petition to review compensation benefits. (*Id.* Conclusion of Law (C.L.) ¶¶2-3, 7 and Order.) The WCJ found, however, that Employer's notification of suspension was invalid because Claimant had not returned to work, granted Claimant's petition for reinstatement in part, and awarded Claimant partial disability benefits from

4

December 5, 2012 until July 22, 2014, the date of the WCJ's Order. (*Id.* F.F. ¶¶22, 24, C.L. ¶¶4-5 and Order.) In addition, the WCJ concluded that Employer's issuance of a notification of suspension when Claimant had not returned to work at no loss of earnings was a violation of the Act and granted Claimant's penalty petition, awarding a penalty of 50% of all due and owing benefits. (*Id.* F.F. ¶¶23, 25, C.L. ¶6 and Order.) The WCJ found that Employer had unreasonably contested the reinstatement and penalty petitions and awarded Claimant a 20% attorney fee and litigation costs attributable to the reinstatement and penalty petitions, but denied Claimant reimbursement of the fee and costs for expert depositions on the ground that Claimant did not prevail on the review and termination petitions. (*Id.* F.F. ¶¶26-32, C.L. ¶¶8-9, 11-12 and Order.)

Employer timely appealed to the Board, seeking reversal of both the award of penalties and the reinstatement of benefits for the period after February 18, 2013, the date that the WCJ found Claimant fully recovered and terminated her benefits. Claimant timely appealed the WCJ's failure to award interest on past due benefits and the denial of expert costs to the Board, but did not appeal the WCJ's grant of Employer's termination petition. On August 4, 2015, the Board affirmed the WCJ's grant of Claimant's penalty petition and denial of Claimant's expert costs, but modified the WCJ's order to limit Claimant's partial disability benefits to the period from December 5, 2012 until February 18, 2013 and to award Claimant 10% interest on those benefits for the period that they were due and unpaid. Claimant has timely appealed from the Board's decision.[2]

---

[2] Our review is limited to determining whether there has been any error of law or violation of constitutional rights, and whether the WCJ's necessary findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

5

Claimant does not challenge the WCJ's determination that she had fully recovered from her work injury by February 18, 2013, but argues that the Board erred in limiting her benefits to the period when she was disabled because an employer is required to pay benefits until the date of the order or other filing that terminates or suspends its obligation to pay benefits. Claimant is correct that an employer cannot unilaterally cease paying benefits and that the obligation to pay benefits continues until the employer obtains an order, supplemental agreement or final receipt terminating or suspending benefits or files a petition that acts as an automatic supersedeas under the Act. *Gillis v. Workers' Compensation Appeal Board (Willits Roofing, Inc.)*, 725 A.2d 257, 259-60 (Pa. Cmwlth. 1999); *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc. and SWIF)*, 713 A.2d 182, 185 (Pa. Cmwlth. 1998); *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer)*, 560 A.2d 925, 926-27 (Pa. Cmwlth. 1989); *M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 485 A.2d 93, 95 (Pa. Cmwlth. 1984). The flaw in Claimant's argument, however, is that she ignores the effect of Section 413(c) of the Act.[3]

Section 413(c) of the Act provides that an employer may suspend benefits without obtaining an order or other approval from a WCJ where the claimant has returned to work at no loss of earnings and the employer's insurer issues a notification of suspension. 77 P.S. § 774.2; *U.S. Airways v. Workers' Compensation Appeal Board (Rumbaugh)*, 854 A.2d 411, 420 (Pa. 2004); *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 948 n.2 (Pa. Cmwlth. 2010). Section 413(c)(1) of the Act provides an expedited procedure by which the employee can contest the accuracy of the

---

[3] Section 413(c) of the Act was added by the Act of July 1, 1978, P.L. 692 § 2.

notification of suspension and promptly set aside the suspension of benefits. 77 P.S. § 774.2(1); *U.S. Airways*, 854 A.2d at 420; *Dixon v. Workers' Compensation Appeal Board (Medrad, Inc.)*, 134 A.3d 518, 527 (Pa. Cmwlth. 2016). If the claimant challenges the notification of suspension within 20 days, a special supersedeas hearing on the suspension shall be held within 21 days at which the only issues that must be resolved are whether the claimant in fact returned to work without a wage loss, the date of that return and whether the claimant is continuing to work without a wage loss. 77 P.S. § 774.2(1); 34 Pa. Code § 131.50a(b)-(c); *U.S. Airways*, 854 A.2d at 420; *Dixon*, 134 A.3d at 527. Unless such a hearing is held within 21 days and the WCJ issues an order approving the suspension of benefits within 14 days of the hearing, the employer is required to reinstate the claimant's benefits. 34 Pa. Code § 131.50a(f); *Dixon*, 134 A.3d at 527.

> Section 413(c)(2) also provides that:
>
> If the employe does not challenge the insurer's notification of suspension within twenty days under paragraph (1), the employe shall be deemed to have admitted to the return to work and receipt of wages at prior or increased earnings. The insurer's notification of suspension shall be deemed to have the same binding effect as a fully executed supplemental agreement for the suspension of benefits.

77 P.S. § 774.2(2) (emphasis added). Accordingly, where the claimant fails to challenge the notification of suspension within 20 days, the notification of suspension operates as a supplemental agreement suspending benefits that permits the employer to cease payment of benefits and the employer's failure to pay benefits is not a unilateral, unauthorized suspension of benefits. *U.S. Airways*, 854 A.2d at 420; *Kraeuter v. Workers' Compensation Appeal Board (Ajax Enterprises, Inc.)*, 82 A.3d 513, 520 (Pa. Cmwlth. 2013); *Anderson*, 15 A.3d at 948.

7

Where the claimant fails to timely challenge a notification of suspension, the claimant may nonetheless have the suspension of benefits set aside by showing that the notification of suspension was inaccurate because she did not return to work. *Kraeuter*, 82 A.3d at 520. If a notification of suspension that had not been timely challenged is later set aside as inaccurate, the claimant may recover benefits and penalties for past periods where she in fact remained disabled. *Id.* at 520-21. Failure to timely challenge a Section 413(c) notification of suspension, however, precludes the claimant from retroactively invalidating the suspension to recover benefits for periods that she has not shown that she was disabled. *Anderson*, 15 A.3d at 948 (WCJ properly denied reinstatement of benefits for the period between an unchallenged notification of suspension and the date of order granting termination petition even though claimant had not returned to work and notification of suspension was therefore inaccurate where claimant did not show that her work injury adversely affected her earning power in that period); *Patterson v. Workers' Compensation Appeal Board (BRCT)*, (Pa. Cmwlth., No. 7 C.D. 2012, filed May 21, 2012), slip op. at 2, 8-10, 12 & n.7, 2012 WL 8666737 at *1, *4-*5 & n.7 (affirming denial of benefits and penalties where WCJ found that claimant had fully recovered as of date of notification of suspension that was not timely challenged even though notification of suspension was shown to be inaccurate).[4]

Here, Claimant did not file any challenge to the notification of suspension as required by Section 413(c)(2) of the Act. While Claimant did file a reinstatement and review petition and a penalty petition within 20 days of the

---

[4] While *Patterson* is an unreported decision and therefore is not binding precedent, the Court finds it persuasive authority. *See* 210 Pa. Code § 69.414(a).

notification of suspension, filing such petitions does not constitute a challenge to the notification of suspension under Section 413(c). *Patterson*, slip op. at 2, 8-10, 2012 WL 8666737 at *1, *4. Indeed, none of Claimant's petitions referenced the notification of suspension or the failure to pay partial disability benefits. The reinstatement and review petition sought reinstatement of total disability benefits, not reinstatement of the partial disability benefits that Employer had suspended. (Review/Reinstate Petition at 2.) Claimant's penalty petition did not allege an improper suspension of benefits, but instead sought penalties on the ground that "Employer is violating Section 306(a) of the Act by refusing to reinstate benefits as of 12/05/12, the date her injury forced her back out of work." (Penalty Petition at 2.) Because Claimant did not timely challenge the notification of suspension, Employer's nonpayment of benefits did not constitute an unauthorized, unilateral action and the Board properly limited reinstatement of her benefits to the period prior to the February 18, 2013 termination of her benefits. *Anderson*, 15 A.3d at 948.

For the foregoing reasons, we affirm the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany Bellamy,                               :
                                               :
                    Petitioner                 :
                                               :
         v.                                    :    No. 1647 C.D. 2015
                                               :
Workers' Compensation Appeal                   :
Board (Trustees of the University of           :
Pennsylvania),                                 :
                                               :
                    Respondent                 :

# **O R D E R**

AND NOW, this 8th day of July, 2016, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge