Rashad **ELBESHBESHY**

v.

The **FRANKLIN INSTITUTE.**

Civ. A. No. 85–0496.

United States District Court,
E.D. Pennsylvania.

Aug. 19, 1985.

Sheldon Tabb, Philadelphia, Pa., for plaintiff.

Kenneth D. Klienman, Warren M. Laddon, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is the motion for partial summary judgment of defendant The Franklin Institute. For the reasons stated herein, defendant's motion will be denied.

Plaintiff was employed by defendant in its nuclear structural mechanics unit from January 3, 1984 to April 17, 1984. Plaintiff's job description involved a technical aspect of drafting proposals after plaintiff reviewed the plans for nuclear power plants submitted by architects and engineers to the Nuclear Regulatory Commis-

sion, and a marketing aspect of submitting the proposals to the Nuclear Regulatory Commission. Plaintiff drafted two proposals, one concerning "overcooling transient" and one concerning "hydrogen blanketing." Plaintiff's proposals were reviewed by plaintiff's supervisor, Dr. Vu Con ("Dr. Con") and by Dr. Con's supervisor, Dr. Salvatore Carfagno ("Dr. Carfagno"). Dr. Con believed that the proposals contained substantive shortcomings. Plaintiff did not agree with Dr. Con's assessment. Dr. Carfagno did not express an opinion with respect to the substantive quality of plaintiff's work, but he did decide that the working relationship between Dr. Con and plaintiff was not pleasant.

On April 17, 1984, defendant terminated plaintiff's employment. The reason given for the termination in plaintiff's employment record was plaintiff's "lack of cooperation."

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). *See Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir.1979). All reasonable inferences from the summary judgment materials must be drawn and all issues of credibility must be determined in favor of the party resisting summary judgment. *Boresen v. Rohm & Haas, Inc.*, 526 F.Supp. 1230, 1232 (E.D.Pa.1981). When deciding whether to grant summary judgment in part, the court must ascertain and specify "what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Fed.R.Civ.P. 56(c).

▉ Defendant argues first that its statement was not defamatory. A defamatory statement is one which tends "to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Thomas M. Merton Center v. Rockwell International Corp.*, 497 Pa. 460, 442 A.2d 213 (1981), *cert. denied*, 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982), *citing* Restatement

(Second) of Torts § 559 (1977). *See Marcone v. Penthouse Intern. Magazine for Men*, 754 F.2d 1072 (3d Cir.1985).

▉ In the circumstances of the instant case, at this stage of the proceedings, the court believes that the assertion in plaintiff's employment record that plaintiff was terminated for "lack of cooperation" could be defamatory. It is not unreasonable that the assertion, standing alone, might lead members of the community and third persons to reasonably believe that plaintiff's nature was irremediably insubordinate, obnoxious, and antagonistic. Such a conclusion is especially likely where plaintiff was terminated after only three and a half months of employment. Additionally, the assertion that plaintiff was terminated because plaintiff lacked cooperation is quite different from an assertion that plaintiff was terminated due to a personality conflict between plaintiff and Dr. Con, or because he was not qualified to perform the work for which he was employed. It is one thing to say that plaintiff could not fit into the organization of the defendant, but it is very different to say that plaintiff cannot get along with management and disrupts the harmony of the workplace. Persons who are said to be disruptive, insubordinate, obnoxious, and antagonistic are persons with whom third persons tend not to want to deal or associate and whom members of the community tend to hold in low esteem.

▉ Second, defendant argues that the statement that the reason behind plaintiff's termination was "lack of cooperation" was not published. Publication occurs, however, when the defamer communicates the statement to one other person, even if that one other person is the defamer's agent. Restatement (Second) of Torts § 577, comment c (1977). Since plaintiff presented evidence that the statement was communicated to Dr. Con, Dr. Carfagno, and members of defendant's personnel department, the publication element may be satisfied here.

Third, defendant argues that plaintiff's claim for defamation is barred by defendant's qualified privilege to evaluate the job performance of its employees. Plaintiff, however, presented some evidence that plaintiff was terminated for reasons of professional jealousy. Accordingly, the court holds that a genuine issue as to a material fact exists here as to whether defendant acted with malice or abused its privilege.

Finally, defendant asserts that punitive damages may not be awarded under Pennsylvania law in a wrongful discharge case. In support of its argument, defendant cites cases which hold that punitive damages could not be awarded in Pennsylvania for breach of contract. The court believes that the cases cited by defendant are inapposite in the present case which involves a claim for wrongful discharge. A claim for wrongful discharge sounds in tort as well as in contract. *See Geary v. United States Steel Corporation*, 456 Pa. 171, 319 A.2d 174 (Pa.1974). Although the parties cite no Pennsylvania cases on point, the court notes that courts generally allow recovery of punitive damages for wrongful discharge where the employer acted with malice. *See Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1981). Accordingly, the court is not convinced, at this time, that the Pennsylvania Supreme Court would not, in the right circumstances, allow recovery of punitive damages for wrongful discharge.

In conclusion, the court will deny defendant's motion for partial summary judgment.

An appropriate Order will be entered.