585 A.2d 1106

**John MACKEN, Appellant,**

v.

**LORD CORPORATION.**

Superior Court of Pennsylvania.

Argued Jan. 8, 1991.

Filed Feb. 1, 1991.

2

Wendell G. Freeland, Pittsburgh, for appellant.
Diane K. Rembleske, Pittsburgh, for appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

TAMILIA, Judge:

John Macken appeals from the March 6, 1990 Order granting appellee Lord Corporation's motion for compulsory nonsuit. Appellant's motion to vacate the nonsuit was denied.

On November 27, 1985, the appellant, employed by the appellee as a material handler, was injured on the job when a 550 pound drum fell against his abdomen. Pursuant to a Notice of Compensation Payable, the appellant began re-

ceiving total disability benefits on December 3, 1985. On February 25, 1986, the appellant's treating physician, Dr. Mark Foster, released appellant to return to light duty work, effective immediately. Upon receipt of this authorization, appellee advised appellant to return to work the following day. Appellant informed his employer his continued poor physical condition and a previously scheduled doctor's appointment would prevent his returning to work as ordered. Despite appellee's offer to allow appellant time off to keep his doctor's appointment, appellant failed to return to work as directed and was, accordingly, terminated for insubordination.

Appellant subsequently brought suit against appellee alleging four claims against his former employer in connection with his discharge: (1) wrongful discharge in retaliation for filing a worker's compensation claim (Count 1); (2) breach of a covenant of good faith and fair dealing for discharging plaintiff without good cause (Count II); (3) intentional infliction of emotional distress (Count III); and (4) negligent infliction of emotional distress (Count IV). On September 21, 1989, appellee moved for summary judgment on the complaint in its entirety. The court granted summary judgment as to Counts II and IV of the complaint, leaving for trial only the counts for wrongful discharge based on retaliation and intentional infliction of emotional distress, the latter of which was withdrawn at trial. Following a nonjury trial, the court found appellant failed to present evidence sufficient to sustain the charge of wrongful discharge and therefore granted a nonsuit.

On appeal Macken argues an entry of nonsuit was improper in that his discharge was in retaliation for his workers' compensation claim and the appellee had attempted to alter his disability status without regard for section 408 of the Workmen's Compensation Act (hereinafter, the Act). 77 P.S. § 732.

When a motion for a compulsory nonsuit is filed, the plaintiff, herein the appellant, must be given the benefit of all favorable evidence along with reasonable inferences of fact arising from the evidence, and any conflict of evidence

must be resolved in favor of the plaintiff. *Toth v. Economy Forms Corporation*, 391 Pa.Super. 383, 571 A.2d 420 (1990). However, where a clear cause of action has not been established, a compulsory nonsuit is proper. *Storm v. Golden*, 371 Pa.Super. 368, 538 A.2d 61 (1988).

Pennsylvania recognizes a cause of action for wrongful discharge in the absence of a statutory remedy and when an important, well-recognized facet of public policy is at stake. *Geary v. USS*, 456 Pa. 171, 319 A.2d 174 (1974); *Darlington v. GE*, 350 Pa.Super. 183, 504 A.2d 306 (1986); *Phillips v. Babcock & Wilcox*, 349 Pa.Super. 351, 503 A.2d 36 (1986), *alloc. denied*, 514 Pa. 618, 521 A.2d 933 (1987). Although there is no Pennsylvania Supreme Court decision squarely on point, developing Pennsylvania law suggests there can now be a cause of action for discharge in retaliation for filing workers' compensation claims. *See Rabatin v. Columbus Lines Inc.*, 790 F.2d 22 (3rd Cir.1986). At trial, appellant, who bore the burden of proof and was his sole witness, testified only that it was his belief he was physically unable to return to work when so ordered. The fact that appellant was discharged after filing a claim for compensation does not begin to satisfy appellant's burden with regard to wrongful discharge. There is no evidence of record from which we could infer appellant's discharge was retaliatory in nature. To the contrary, appellee's offer of light duty employment in compliance with the directive of appellant's treating physician negates any allegation of action by the employer to purposefully injure appellant. The record is replete, however, with repeated, documented warnings relating to the appellant's chronic absenteeism, which standing alone support appellee's action in terminating appellant's employment. We find, giving the appellant the benefit of all reasonable inferences, there is no evidence of retaliatory discharge on the appellee's behalf.

■ At argument on the motion for nonsuit, appellant presented a theory not previously pled: that section 408 of the Act (77 P.S. § 732) prohibits the appellee from modifying or terminating the appellant's employment status while he is receiving benefits, and that his termination was viola-

tive of public policy. This contention, which constitutes the crux of appellant's argument on appeal, is without merit.

Appellant contends section 408 of the Act requires an employer to wait until an employee's disability status is officially changed by the Bureau of Workers' Compensation from "total" to "partial" before the employer may order an employee to return to light duty work as approved and ordered by the employee's treating physician. This misguided averment is the basis for appellant's primary argument that his discharge for failure to return to work as directed established a prima facie case of wrongful discharge.

We find section 408 of the Act, set forth below, relates only to the continuation of workers' compensation benefits and does not prohibit a directive to return for light duty work or a discharge of an employee receiving benefits.

### § 732. Modification, suspension, reinstatement or termination of notices and agreements

All notices of compensation payable and agreements for compensation may be modified, suspended, reinstated, or terminated at any time by an agreement or supplemental agreement as the case may be with notice to the department, if the incapacity of an injured employe has increased, decreased, recurred, or temporarily or finally terminated, or if the status of any dependent has changed.

77 P.S. § 732. This section is not germane to the legal analysis determining an employer's liability for an alleged wrongful discharge. Any attempt to apply the Act to such an analysis elevates an irrelevant procedural provision to the level of a public policy mandate. The purpose of this section is to insure that disability benefits rightfully owed a claimant are not terminated unilaterally. Appellant's workers' compensation benefits were not affected by his termination due to insubordination. To the contrary, appellant's benefits continued for more than three years after his discharge, until such time that appellant and appellee, pursuant to the terms of the Act, agreed to commute appel-

6

lant's partial disability benefits in the sum of $45,000. Appellee's decision to terminate for cause an at-will employee, who also happened to be receiving disability benefits, was a legitimate employer decision not within the scope of any section of the Act.

As mentioned supra, there is no cause of action for wrongful discharge provided there exists a statutory remedy and there is no violation of public policy. As argued by appellee, any party alleging a violation of section 408 of the Act finds his sole remedy in section 413(b) of the Act, 77 P.S. § 774.1. *See M.A. Bruder & Son, Inc. v. NCAB,* 86 Pa.Cmwlth. 353, 485 A.2d 93 (1984). We agree. As appellee's decision to discharge appellant for cause was entirely within its discretion, this Court finds further that appellant's discharge was not violative of any facet of public policy.

We find appellant's charges of retaliatory discharge and wrongful discharge based on the employer's alleged violation of section 408 of the Act to be devoid of merit and affirm the grant of a nonsuit by the trial court. Likewise, in accord with the trial court, we find appellant displayed no conduct warranting an award of attorneys' fees for the appellee.

Order affirmed.