## Vennie v. Scranton Counseling Center

C.P. of Lackawanna County, no. 94-CV-6057.

*Harry T. Coleman,* for plaintiff.
*Mark T. Perry,* for defendants.

HARHUT, *J.,* February 12, 1996—Scranton Counseling Center and Community Medical Center Health Care Systems Inc. raise preliminary objections to Kathryn L. Vennie's complaint. Ms. Vennie avers, inter alia, wrongful discharge, sex and age discrimination and breach of an implied contract for safety.

Scranton Counseling Center employed Ms. Vennie from February 1, 1987 until her termination on February 25, 1993. She claims the Center terminated her in retaliation for complaints she made concerning noxious

fumes in the workplace to the United States Department of Labor, Occupational Safety and Health Administration, OSHA, and the Pennsylvania Department of Health. Ms. Vennie also charges she was terminated in retaliation for filing a workers' compensation claim. She named Community Medical Center Health Care Systems a defendant because of its standing as owner of the premises occupied by defendant Scranton Counseling Center.

The preliminary objections are as follows:

(A) *Legal Insufficiency of Pleadings,*
*Counts I through VI*

Defendants claim Ms. Vennie's failure to state a claim upon which relief can be granted because she was never actually employed by defendant Community Medical Center Health Care Systems Inc. We overrule this preliminary objection. At this stage of the proceedings, we are unable to ascertain the exact relationship, if any, between Ms. Vennie's cause of action and Community Medical Center Health Care Systems Inc. Furthermore, discovery will crystalize this issue.

(B) *Legal Insufficiency of a Pleading,*
*Count I, Wrongful Discharge*

Defendants contend that Ms. Vennie's termination does not meet either the "public policy" or "specific intent to harm" exceptions to Pennsylvania's employment-at-will doctrine as recognized by our Supreme Court in *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974).

At present, we cannot determine whether Ms. Vennie's dismissal was either a violation of public policy or was made with the specific intent to harm her. Only

through additional discovery will it be possible to determine whether an exception to our state's employment-at-will doctrine has been met. Therefore, we overrule this objection.

### (C) *Lack of Subject Matter Jurisdiction, Count II, Sex Discrimination*

The defendants claim the complaint should be dismissed for lack of subject matter jurisdiction since Ms. Vennie did not exhaust her administrative remedies.

The defendants charge that Ms. Vennie's complaint should have initially been brought before the Pennsylvania Human Relations Commission and not before this court. However, Ms. Vennie claims that she did contact the P.H.R.C. prior to instituting the present action. Ms. Vennie further claims the P.H.R.C. subsequently terminated their investigation and suggested she contact the Equal Employment Opportunity Commission. Conceivably, Ms. Vennie may have exhausted her state administrative remedies before she filed her complaint before this court. Therefore, we overrule this objection.

### (D) *Legal Insufficiency of a Pleading, Count II, Sex Discrimination*

Defendants contend that Count II of the complaint is legally insufficient in that it does not support a claim of sex discrimination under the Equality of Rights Act and the Equal Rights Amendment.

The purpose of the Equality of Rights Act is to prohibit gender discrimination based on statutory construction. Equality of Rights Act, 1 Pa.C.S. §2301(a). Ms. Vennie does not allege that her termination was based on mis-

placed statutory construction. Therefore, the Equality of Rights Act is irrelevant to Ms. Vennie's argument.

Furthermore, the purpose of the Equal Rights Amendment, article I, section 27 is to end discrimination based on sex. *Commonwealth v. Butler,* 458 Pa. 289, 298-99, 328 A.2d 851, 855 (1974). Ms. Vennie's complaint fails to present any correlation between her gender and her termination. Therefore, Ms. Vennie's cause of action cannot be supported upon a claim of sexual discrimination. Consequently, we grant this preliminary objection.

### (E) *Lack of Jurisdiction Over the Subject Matter of Plaintiff's Complaint, Count III, Age Discrimination*

Plaintiff's brief in opposition to defendants' preliminary objections concedes there is no claim for age discrimination under the Equality of Rights Act or the Equal Rights Amendment. Further, plaintiff fails to present any additional legal argument that supports a claim of age discrimination. As a result, we grant this preliminary objection.

### (F) *Legal Insufficiency of a Pleading, Count III, Age Discrimination*

For the identical reason in preliminary objection E above, we grant this preliminary objection.

### (G) *Legal Insufficiency of a Pleading, Count IV, Wrongful Termination in Retaliation for Filing Workers' Compensation Claim*

Defendants contend that Count IV of the complaint, which avers wrongful termination in retaliation of Ms.

Vennie filing a workers' compensation claim, should be dismissed for failure to state a cause of action upon which relief can be granted. The Pennsylvania Superior Court has acknowledged that state law suggests there may be an action for wrongful discharge in retaliation for an employee filing a workers' compensation claim. *Macken v. Lord Corporation,* 402 Pa. Super. 1, 4, 585 A.2d 1106, 1108 (1991). Therefore, we dismiss this objection.

(H) *Legal Insufficiency of a Pleading, Count V, Wrongful Termination in Retaliation for Contacting the Pennsylvania Department of Health and the United States Department of Labor, Occupational Safety & Health Administration (OSHA)*

Defendants contend that Count V of the complaint which avers wrongful termination in retaliation of Ms. Vennie contacting the state Department of Health and OSHA concerning alleged noxious fumes in the workplace should be dismissed for failure to state a claim upon which relief can be granted. The defendants contend that Ms. Vennie's state court action is preempted by the statutory remedies of the Occupational Safety and Health Act. In a factually similar case, the United States Eastern District Court of Pennsylvania found that,

"(n)othing in OSHA preempts this type of common-law cause of action (and) Congress explicitly decided that OSHA would not preempt the entire field of occupational health and safety law."

Based on this reasoning, we dismiss this preliminary objection.

### (I) *Legal Insufficiency of a Pleading, Count VI, Breach of Implied Contract for Safety*

Defendants contend that Count VI of the complaint, breach of implied contract for safety, should be dismissed for failure to state a claim upon which relief can be granted. We grant this objection. The Pennsylvania Workers' Compensation Act provides that an employer's liability under the Act is exclusive and is in place of all other liability to an employee entitled to damages in an action of law on account of any injury. 77 P.S. §481(a). Furthermore, Ms. Vennie fails to cite any legal authority that supports a cause of action for a breach of an implied warranty of safety.

### (J) *Legal Insufficiency of a Pleading, Request for Punitive Damages*

Defendants request that plaintiff's prayer for punitive damages be denied for legal insufficiency of a pleading. We dismiss this preliminary objection. The United States District Court of Eastern Pennsylvania has acknowledged that courts will allow punitive damages where there is malice in a wrongful discharge suit and that it was not certain that the Pennsylvania Supreme Court would not allow punitive damages in such a case. Therefore, it is not unforseeable that punitive damages may be appropriate in this case. *Elberhbeshy v. Franklin Institute,* 618 F. Supp. 170 (E.D. Pa. 1985).

### (K) *Legal Insufficiency of a Pleading, Plaintiff's Prayer for Attorney's Fees in Counts I, IV, V and VI*

Defendants contend Ms. Vennie is not entitled to attorney's fees for Counts I, IV, V and VI of her complaint. Counsel fees are not recoverable unless there

248

is either a statutory authorization, agreement by the parties, or some other established exception. *Lavelle v. Koch,* 532 Pa. 631, 638, 617 A.2d 319, 323 (1992). Since none of the requirements for the awarding of counsel fees are found in the present case, the court grants this preliminary objection.

## ORDER

Now, February 12, 1996, for the reasons set forth, the preliminary objections of the defendants are granted in part and denied in part.