Steven A. **MURRAY**, Plaintiff,

v.

**GENCORP, INC. and Reneer Films Corp., Defendants.**

No. CIV.A. 97–1523.

United States District Court, E.D. Pennsylvania.

Oct. 1, 1997.

Stephen T. Carpenito, Law Offices of Stanley J. Brassington, Ashland, PA, for Plaintiff.

James M. Brogen, Christopher W. Wasson, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, Steven Murray ("Murray" or "Plaintiff"), has brought this action against defendants, Gencorp, Inc. ("Gencorp") and Reneer Films, Corp. ("Reneer") seeking damages for wrongful discharge in count I of the complaint; relief pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*, in count II; damages for libel/slander in count III; and punitive damages in count IV. Before the Court is Defendant's Motion to Dismiss counts I and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for a More Definite Statement of count III pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, the 12(b)(6) Motion is granted for counts I and IV, and the 12(e) Motion is granted for count III.

## BACKGROUND

Plaintiff alleges the following facts. Plaintiff was hired by defendants to perform physical labor on April 23, 1980 and maintained employment with defendants until July 2, 1993. During plaintiff's thirteen (13) year employment with the defendants, he suffered from a physical condition which periodically

caused him to miss full or half days of work. These missed days were caused because plaintiff was receiving medical treatment for his condition or due to severe pain caused by this condition. When plaintiff missed work, he either gave prior notice to defendants or provided explanation to defendants as soon as possible. Further, plaintiff's condition required that, at times, he be assigned to "light-duty." These "light-duty" assignments were outside of plaintiff's normal job description. Plaintiff received high evaluations on his work, both· in his regularly scheduled tasks and when he was assigned to light duty. On June 27, 1993, plaintiff's condition was diagnosed as a non-work related acute, severe discitis of the lumbar spine with associated muscle spasms. Upon diagnosis, plaintiff informed defendants of this condition. Plaintiff was subsequently fired on July 2, 1993, which he claims was due to fear that he would be injured and file a worker's compensation claim.

## DISCUSSION

### I. Standard for Rule 12(b)(6) Motion

In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

### A. Count I: Wrongful Discharge

As stated *supra*, Defendant contends that plaintiff's count I, which alleges a cause of action for wrongful discharge, should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant maintains that the PHRA is the exclusive remedy for a wrongful discharge claim unless there are separate facts upon which to base a common law cause of action. Defendant argues that plaintiff's wrongful discharge claim should be preempted by the PHRA because there are no separate facts upon which to base a common law cause of action.

Plaintiff responds that count I states a cause of action for wrongful discharge under the public policy exception. Plaintiff claims that he was fired due to fear that he would be injured and file a worker's compensation claim, which, Plaintiff alleges, violates public policy. Plaintiff acknowledges that there is no case law to support his claim that fear of filing a worker's compensation claim constitutes a common law cause of action for wrongful discharge. (Pl.s Mem. at 4). Instead, Plaintiff argues that a firing in retaliation for filing a worker's compensation claim represents a viable common law cause of action for wrongful discharge and asks that this Court extend the doctrine to also allow a common law claim for wrongful discharge when the firing is based on fear of filing a worker's compensation claim. (Pl.s Mem. at 4). For the following reasons, we decline to do so.

Pennsylvania adheres to the at-will employment doctrine, which recognizes that "an at-will employee may be terminated for good reason, bad reason, or no reason at all." *Krajsa v. Keypunch, Inc.*, 424 Pa.Super. 230, 622 A.2d 355, 358 (1993). Under Pennsylvania law, there is no common law cause of action for wrongful discharge of an at-will employee except in narrow circumstances where public policy is violated. *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir.1982); *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990); *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917 (1989); *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Yetter v. Ward Trucking Corp.*, 401 Pa.Super. 467, 585 A.2d 1022 (1991) (finding that "to survive a challenge of failure to state a cause of action, complaint must establish violation of a public policy"). To successfully plead a common law cause of action under

the public policy exception, the public policy claimed to be violated must be expressly recognized in "legislation; administrative rules, regulation, or decision; [or] judicial decision." *Yetter*, 585 A.2d at 1026; *see also Shick v. Shirey*, 456 Pa.Super. 668, 691 A.2d 511, 513 (1997)(stating one "must point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision" to meet exception (citations omitted)). If this public policy exception is not met, there is no common law cause of action, and the PHRA will preempt the wrongful discharge claim. *See Sola v. Lafayette College*, 804 F.2d 40, 42 (3d Cir. 1986); *McManus v. Corestates Bank, N.A.*, 1994 WL 50311 (E.D.Pa.1994); *Keck v. Commercial Union Insurance, Co.*, 758 F.Supp. 1034 (M.D.Pa.1991); *Clay*, 559 A.2d at 919.

Plaintiff alleges that he was fired due to defendants' fear that he was an employment risk who "may be injured at work and result in an award of worker's compensation and medical bills." (Pl.'s Mem. at 4). Plaintiff argues that this allegation implicates the public policy expressed in the Workers' Compensation Act, which, he argues, has been recognized as a legitimate public policy that allows a common law wrongful discharge claim. (Pl.s Mem. at 4).

Plaintiff relies, *inter alia*, on *Macken v. Lord Corp.*, 402 Pa.Super. 1, 585 A.2d 1106 (1991) as support for his argument. In *Macken*, the plaintiff brought a common law wrongful discharge claim based on the public policy expressed in the Workers' Compensation Act. Plaintiff claimed that he was wrongfully discharged in retaliation for filing a workers' compensation claim. In affirming the trial court's grant of a compulsory nonsuit against plaintiff, the Pennsylvania Superior Court stated that "[a]lthough there is no Pennsylvania Supreme Court decision squarely on point, developing Pennsylvania law suggests there can now be a cause of action for discharge in retaliation for filing worker's compensation claims." *Id.*, 585 A.2d at 1108. The *Macken* Court did not allow a common law cause of action, however, because they found "there [was] no evidence of record from which we could infer appellant's discharge was retaliatory in nature."

The Pennsylvania Superior Court has recently revisited this issue in *Shick v. Shirey*, 456 Pa.Super. 668, 691 A.2d 511 (1997). In *Shick*, the trial court dismissed a wrongful discharge claim based on the theory of retaliation for filing a worker's compensation claim. In upholding the dismissal, the Superior Court found that there was no source of authority for allowing a common law claim based on retaliation for filing a worker's compensation claim. The court stated that the above quoted language of *Macken* was "dicta," as this particular issue was "never before the court." *Id.*, 691 A.2d at 514. The court further noted that "neither this court nor our Supreme Court has reached this issue." *Id.*

The Superior Court then examined trial court decisions and decisions from various states to determine whether a firing in direct retaliation for filing a workers' compensation claim stated a common law cause of action. After review of these decisions, the court concluded that:

> [i]ndeed, while there is little consensus in this area, we nevertheless can discern a pattern: most courts recognizing a cause of action did so because they found a clear manifestation of public policy in the statutory language proscribing discrimination or discharge for seeking benefits. Other courts, in jurisdictions without similar supporting statutory language, adopted these decisions but failed to discuss the significance of the express statutory language in the cases they followed. Such express statutory language is not found in Pennsylvania's Workers' Compensation Act.

*Id.*, 691 A.2d at 517.

The court found that the " 'legislature is best equipped to balance the competing equities no matter how appealing the issue *sub judice* may appear.' " *Id.* at 518 (citations omitted). The court further noted that since "our legislature declined an opportunity to address the discharge of an at-will employee in retaliation for claiming workers' compensation" when the Act was "overhauled in 1993," the court would "not engage in the kind of judicial activism appellant requests." *Id.* at 518. The court concluded that while "[w]e do not condone employment practices which penalize a person for exercising rights provided for by statute ... we hold there is no precedent or statutory language to find

that terminating an employee who has filed for workers' compensation benefits states a cause of action for retaliatory discharge." *Id.* at 518.

■ As a federal court sitting in diversity we are "bound to follow the substantive law of the forum state as expressed by its highest court." *Burns v. United Parcel Service, Inc.,* 757 F.Supp. 518, 521 (E.D.Pa. 1991). The Pennsylvania Supreme Court has not determined whether an employee's claim that he was fired due to an employer's fear that he may be injured and file a worker's compensation claim states a common law cause of action under the public policy exception.[1] Therefore, it is this court's function to " 'predict the position which that court would take in resolving this dispute.' " *Id.* In making this decision, "the well-reasoned decisions of intermediate state appellate courts are entitled to greater weight than those of lower state courts." *Id.*

■ The Workers' Compensation Act, 77 P.S. § 1, *et seq.,* is designed as a "substitute method of accident insurance in place of common law rights and liabilities for all employees covered by its provision." *Colyer v. Pennsylvania State Police,* 165 Pa.Cmwlth. 41, 644 A.2d 230, 233 (1994). Further, the Act "does not render employers insurers of [the] life and health of their employees," instead it "is remedial social legislation which substitutes [as a] relatively quick and inexpensive scheme to provide certain compensation for lost earnings without regard to fault." *Hankee v. Wilkes–Barre/Scranton International Airport,* 532 Pa. 494, 616 A.2d 614, 617 (1992). *See also Rettew v. Graybill,* 193 Pa.Super. 564, 165 A.2d 424 (1960)(stating that "while the Workmen's Compensation Act should be liberally construed, its purpose is to compensate for accidental injuries and not to insure the life and health of an employee.") The Act is applicable to "all injuries occurring within this Commonwealth." 77 P.S. § 1. Further, injury is defined by the Act as "an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto." 77 P.S. § 411.

Plaintiff is not arguing that he suffered a work related injury and was then fired in direct retaliation for availing himself of the protection afforded by the Act. On the contrary, plaintiff is arguing that defendants made a decision to fire him because they were afraid that he *may* be injured and *then* file a workers' compensation claim. Thus, plaintiff is not protected by the Workers' Compensation Act. The Act is designed to protect workers who have been injured in the scope of employment. The public policy expressed in the Act may, arguably, be frustrated if an employer fires an employee who is injured in the scope of employment in retaliation for filing a workers' compensation claim. *But see Shick, supra.* However, this policy cannot be implicated if the purposes of the Act are not implicated. There is no express statutory language in the Act that indicates a legislative articulation of public policy to prevent employers from firing employees who they deem a risk but who have not been injured.

The trial court and district court cases that have determined that Pennsylvania would allow a cause of action for wrongful discharge when an employee was fired in direct retaliation for filing a workers' compensation claim were very clear that they were trying to protect employees who had been injured within the scope of their employment and who thus fell within the Act's purview. *See Rettinger v. American Can Co.,* 574 F.Supp. 306, 310 (M.D.Pa.1983) stating that:

> " 'the Workmen's Compensation Act is a comprehensive scheme to provide benefits to injured employees. This scheme would be seriously undermined if employers may threaten to discharge employees for seeking benefits under the Act because many employees would give up their workmens' compensation claims in order to avoid jeopardizing their job.' " (citing *Butler v. Negley House, Inc.,* 20 D & C 3d 543 (1981)).

Here, there has been no suggestion that the plaintiff, Murray, either had filed or ever intended to file a workers' compensation claim under the Act.

---

**1.** The Supreme Court has not ruled on whether being fired in direct retaliation for filing a workers' compensation claim states a common law cause of action under the public policy exception

either; however, this court does not reach that issue as plaintiff has not alleged direct retaliation.

■ This Court finds that, given that the public policy exception is very narrowly interpreted[2] and only implicated when an express public policy is articulated in the constitution, in legislation, an administrative regulation, or a judicial decision, and given that plaintiff cannot point to any such articulation of public policy to create a common law wrongful discharge claim based on a firing out of fear that plaintiff may be injured and file a workers' compensation claim, plaintiff fails to state a claim upon which relief can be granted. Since plaintiff does not state a separate common law cause of action for wrongful discharge under the public policy exception, plaintiff's wrongful discharge claim is preempted by the PHRA, and defendant's Motion to Dismiss Count I will be granted.

### B. Count IV: Punitive Damages

Defendant also moves to dismiss the punitive damages claim in count IV of plaintiff's complaint. Defendant argues that punitive damages are not a separate cause of action and thus cannot be pled in a separate count of the complaint. Plaintiff agrees that punitive damages are not a separate cause of action but responds that he should be granted leave to amend the complaint to include punitive damages directly with the substantive claim.

■ The parties are correct that under Pennsylvania law there is no separate cause of action for punitive damages. *Winterberg v. CNA Insurance Co.*, 868 F.Supp. 713, 725 (E.D.Pa.1994); *Brennan v. National Telephone Directory, Corp.*, 850 F.Supp. 331, 347 (citing *Waltman v. Fahnestock & Co., Inc.*, 792 F.Supp. 31, 33 (E.D.Pa.1992) *aff'd*, 989 F.2d 490 (3d Cir.1993)); *Nix v. Temple University*, 408 Pa.Super. 369, 596 A.2d 1132, 1138 (1991). As such, we will grant defendant's motion to dismiss the punitive damages claim in count IV of plaintiff's complaint. However, we will grant plaintiff leave to amend his complaint to include punitive damages under the appropriate substantive claim.

### II. Count III: Motion for More Definite Statement

Defendant also requests that Plaintiff provide a more definite statement in the libel/slander claim of count III of the complaint pursuant to Federal Rule of Civil Procedure 12(e). Defendant argues that the vague language of plaintiff's complaint does not provide a basis for defendant to respond to the allegations. Specifically, Defendant maintains that there is not enough information to plead relevant privileges. Plaintiff's complaint does not allege who made the defamatory statements nor what the alleged words or statements were. Plaintiff responds that while the complaint sets forth "those allegations necessary to sustain a cause of action for libel/slander," he has no argument to giving a more definite statement. (Pl.'s Mem. At 7).

■ Federal Rule of Civil Procedure 12(e) provides that

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

The federal rules only require that a pleading "be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Hides v. CertainTeed Corp.*, 1995 WL 458786 (E.D.Pa.1995). Federal Rule of Civil Procedure 8(a)(2) only requires that the pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Given this liberal pleading standard, this Court has repeatedly recognized that 12(e) motions "are disfavored," *Fyk v. Roth*, 1995 WL 290444, *3

2. *See e.g., Mulgrew v. Sears Roebuck & Co.*, 868 F.Supp. 98 (E.D.Pa.1994)(stating "[f]or this court to recognize such an attenuated age discrimination claim would defeat explicit legislative intent to protect only those forty or more, disregard Pennsylvania's requirement that a public policy exception only be recognized in the most limited instances and serve to circumvent the preemptive authority of the PHRA...."); *Krajsa v. Keypunch, Inc.*, 424 Pa.Super. 230, 622 A.2d 355 (1993) (stating "we are not prepared to expand the coverage of the act....")

(E.D.Pa.1995), and that Rule 12(e) should be used only when "the pleading is 'so ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Hides*, 1995 WL 458786 at *1; *see also JCA, Inc. v. EPC, Inc.*, 1993 WL 274190 (E.D.Pa.1993); *Jackson v. A.P. Orleans Vocational Center*, 1988 WL 68734 (E.D.Pa.1988).

In *Hides*, the court granted a Rule 12(e) motion for a more definite statement in a defamation action where plaintiff alleged only that "'[o]n or after December 7, 1992, defendant communicated to its employees and to people outside of CertainTeed that plaintiff was terminated for cheating on his expense accounts.'" 1995 WL 458786 at *3. The court noted that while the language of the complaint did identify the substance of the allegation "it does not identify who made or who received it." *Id.* Thus the court determined that "even under the liberal pleading requirements of Rule (8)(a), this allegation is not specific enough to put the defendant on notice and to permit the defendant to respond to it in good faith." *Id.*

In *Ersek v. Township of Springfield Delaware County*, 822 F.Supp. 218, 223 (E.D.Pa. 1993) the court also granted a Rule 12(e) motion in a defamation action. In *Ersek*, plaintiff alleged "that defendants 'publicly and privately maintained that plaintiff is guilty of criminal misconduct;'" "that 'accounts of the searches, seizures and the criminal allegations against plaintiffs [sic] were widely disseminated by defendants and reported in the media;'" and "that 'defendant's actions have portrayed plaintiff in a false light.'" The court determined that "these statements are insufficient" and that "[a] complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom." *Id.*

 This court finds that since plaintiff Murray's complaint does not provide what the alleged defamatory statements were nor by whom or to whom they were made, the complaint does not provide defendant with enough information to successfully assert any applicable privileges. Therefore, this Court grants defendant's 12(e) motion for a more definite statement. Plaintiff is directed to amend count III of his complaint to include a more definite statement.

### III. Conclusion

For the reasons stated above, the defendant's motion to dismiss will be granted as to count I, the wrongful discharge claim because that claim, as currently stated, is preempted by the PHRA. We further dismiss count IV because punitive damages are not a separate cause of action. Plaintiff is granted leave to amend to incorporate punitive damages into the appropriate substantive claim. We also grant defendant's motion for a more definite statement in Count III, the libel/slander claim. An appropriate Order follows.

### ORDER

AND NOW, this 1st day of October, 1997, upon consideration of Defendant's Motion to Dismiss Counts I and IV of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for a More Definite Statement in Count III pursuant to Federal Rule of Civil Procedure 12(e) and Plaintiff's response thereto, it is hereby ORDERED that Defendant's motions are granted. It is FURTHER ORDERED that:

1) Count I of Plaintiff's complaint is DISMISSED;

2) Count IV of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE, and plaintiff is granted leave to amend in accordance with this Memorandum within twenty (20) days from the entry date of this Order;

3) Plaintiff is ORDERED to amend Count III of his complaint to include a more definite statement regarding the "defamatory statements" allegedly made by Defendants within twenty (20) days from the entry date of this Order.