## Stoutmire v. General Electric Co.

520

C.P. of Mercer County, no. 2001-925.

*Rhonda Stoutmire,* pro se.
*Roger H. Taft,* for defendant.

DOBSON, *J.,* September 21, 2004—The matter before this court for disposition is defendant General Electric Company's motion for summary judgment. For the reasons hereinafter set forth, defendant's motion is granted.

Pa.R.C.P. 1035.2 provides that any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

A court may grant a motion for summary judgment only where the right is clear and free from doubt. *Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995). "The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

In opposing a motion for summary judgment, the adverse party "may not rest upon the mere allegations or

denials of the pleadings." Pa.R.C.P. 1035.3(a). Instead, the nonmoving party "must adduce sufficient evidence on [all] issue[s] essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996).

The nonmoving party must file a response within 30 days of the service of the motion. Pa.R.C.P. 1035.3(a). The court may, at its discretion, grant summary judgment against an adverse party who fails to respond appropriately to a motion for summary judgment. Pa.R.C.P. 1035.3(d); *Payton v. Pennsylvania Sling Company,* 710 A.2d 1221, 1224 (Pa. Super. 1998).

Viewed in the light most favorable to the nonmoving party, the facts are summarized as follows. Plaintiff Rhonda Stoutmire was an at-will employee at defendant General Electric Company's Grove City, Pennsylvania facility from September 4, 1990 until her discharge from employment, effective March 25, 1999.

On February 16, 1999, plaintiff injured her back during the course of her employment at General Electric Company. (Request for admission no. 6 and exhibit E.) This incident was formally reported on February 22, 1999. Plaintiff pursued a workers' compensation claim based on the incident, and ultimately a workers' compensation judge found General Electric liable for medical and other costs resulting from the injury.

Nicholas J. Brennan D.C., examined plaintiff on March 3, 1999, and issued a disability certificate which stated that he expected plaintiff to be totally incapacitated from March 3, 1999 to approximately March 17, 1999, as a result of back pain. Dr. Brennan scheduled plaintiff for a follow-up appointment on March 5, 1999. (Request for admission nos. 8-9 and exhibit G.) Plaintiff cancelled this follow-up appointment because she had an appointment scheduled with William E. Prenatt M.D. for the same day. (Request for admission no. 10.)

On March 5, 1999, William E. Prenatt M.D. examined plaintiff and issued a Medical Excuse and Compensation/Accident Report, which stated that plaintiff was released to return to limited work duty at General Electric on March 7, 1999, subject to restrictions that she was not to lift, push, or pull more than 30 pounds. (Request for admission nos. 11-12 and exhibits H-1 and H-2.) In a letter dated March 9, 1999, General Electric informed plaintiff that it could accommodate the work restrictions imposed by Dr. Prenatt, that plaintiff's attendance at work was expected, and that continued unauthorized absence from work would result in the termination of plaintiff's employment. (Request for admission no. 17 and exhibit K.)

General Electric records show that plaintiff was absent March 10, 1999, and March 12, 1999, despite being scheduled to work both days. (Request for admission no. 18, exhibits F-1 and F-2. Affidavit of Saylor, ¶4, exhibit A.)

Plaintiff was suspended on March 14, 1999, until further notice. This suspension was purportedly due to plaintiff's absenteeism. (Request for admission no. 19, exhibit L.)

A letter dated March 18, 1999, informed plaintiff that her employment was terminated, effective March 25, 1999. This letter referenced her previous suspension, but did not specifically refer to plaintiff's absenteeism. (Request for admission no. 20, exhibit M.)

In a letter dated April 6, 1999, General Electric informed plaintiff that her termination was due to "excessive and persistent absenteeism." Plaintiff denies that this was the true reason for her discharge. (Request for admission no. 21, exhibit N.)

On March 15, 2001, plaintiff, then acting individually and on behalf of a purported class, filed a class action complaint against defendant General Electric Company, presenting a claim for common-law wrongful discharge. Plaintiff' alleged that GE has a policy of terminating employees in retaliation for pursuing workers' compensation claims and discharged her from employment on March 18, 1999, pursuant to that policy. The class action allegations of the complaint were voluntarily dismissed December 23, 2002, pursuant to plaintiff's motion to amend complaint and for dismissal of plaintiff's motion for class certification.

This court granted a motion to withdraw appearance as counsel for plaintiff filed by Gary F. Lynch, Esquire and Pamela J. Miller, Esquire on August 13, 2003. Plaintiff Stoutmire has acted pro se since that date.

Plaintiff served a third set of interrogatories upon defendant by first-class mail on June 26, 2004. On June 28, 2004, defendant General Electric Company filed the motion for summary judgment currently before this court. In response, plaintiff Stoutmire has filed only a reply brief on August 23, 2004.

In plaintiff's reply brief, she requests a 90-day continuance to complete discovery. For purposes of this discussion, we will treat plaintiff's reply brief as a formal request for a continuance.

Courts may not deny a continuance to complete further discovery when the party opposing summary judgment has been denied an adequate opportunity to conduct reasonable discovery. *Kerns v. Methodist Hospital,* 393 Pa. Super. 533, 543, 574 A.2d 1068, 1073 (1990). There can be no abuse of discretion in denying a continuance, however, when a reasonable period for discovery has expired, and the opposing party has either failed to demonstrate the materiality of the outstanding discovery or failed to demonstrate that it has been diligent in attempts to complete discovery. *Id.* at 544, 574 A.2d at 1074.

Plaintiff has not shown that she proceeded in a timely manner with regard to the discovery sought. This case was initiated over three and a half years ago. Although plaintiff is acting pro se, she has had well over a year since her attorneys withdrew to complete discovery. The evidence requested was available at the inception of her complaint, and there appears to be no compelling reason for plaintiff's delay in requesting this evidence. Plaintiff could and should have included these very generalized questions in her first set of interrogatories. This court has also reviewed these interrogatories and does not believe that the information requested from defendant is relevant to establishing plaintiff's claim. Therefore, we find that plaintiff has not exercised due diligence to complete the requested discovery in a timely manner. *Kerns v. Methodist Hospital, supra.*

This court has the discretion to enter summary judgment against plaintiff based on her failure to respond meaningfully to the defendant's motion for summary judgment. Pa.R.C.P. 1035.3(d); *Payton v. Pennsylvania Sling Company,* 710 A.2d 1221, 1224 (Pa. Super. 1998). We believe that it would be proper to grant summary judgment for General Electric based on Pa.R.C.P. 1035.3(d).

We need not do so, however, because we believe that the relevant case law mandates the grant of defendant's motion for summary judgment. This court finds the cases of *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996); *Macken v. Lord Corporation,* 402 Pa. Super. 1, 3-4, 585 A.2d 1106, 1108 (1991); and *Landmesser v. United Air Lines Inc.,* 102 F. Supp.2d 273 (E.D. Pa. 2000), to be dispositive.

A party opposing a motion for summary judgment may not rest on the pleadings, but instead "must adduce sufficient evidence on [all] issue[s] essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042. See also, Pa.R.C.P. 1035.3(a). Plaintiff's brief does not specify any evidence of record sufficient for a jury to return a verdict in her favor. After careful review of the entire record, this court can find no evidence of record that plaintiff was dismissed from employment *because* she filed a workers' compensation claim. Under *Ertel,* this is sufficient to establish

that there is no genuine issue of material fact and that General Electric is entitled to judgment as a matter of law.

Even though the general requirements of *Ertel* are sufficient to grant summary judgment for defendant General Electric Company, more specific case law also requires that result. In a situation factually quite similar to the present case, the Superior Court upheld the grant of a compulsory nonsuit in a wrongful discharge action:

*"The fact that appellant was discharged after filing a claim for compensation does not begin to satisfy appellant's burden with regard to wrongful discharge.* There is no evidence of record from which we could infer appellant's discharge was retaliatory in nature. To the contrary, appellee's offer of light duty employment in compliance with the directive of appellant's treating physician negates any allegation of action by the employer to purposefully injure appellant. The record is replete, however, with repeated, documented warnings relating to the appellant's chronic absenteeism, which, standing alone, supports appellee's action in terminating appellant's employment. We find, giving the appellant the benefit of all reasonable inferences, there is *no evidence* of retaliatory discharge on the appellee's behalf." *Macken v. Lord Corp.,* 402 Pa. Super. 1, 4, 585 A.2d 1106, 1108 (1991). (emphasis added)

The present facts are practically identical to those in *Macken.* Plaintiff Stoutmire was fired after filing a workers' compensation claim. The record establishes that General Electric offered light duty employment satisfying Dr. Prenatt's requirements. The record is replete with repeated, documented warnings regarding plaintiff's

chronic absenteeism. Like the court in *Macken,* we find that the plaintiff has presented absolutely no evidence of retaliatory discharge, and instead has only shown that she was dismissed after she filed a workers' compensation claim.

Although the Supreme Court of Pennsylvania has explicitly recognized a cause of action for wrongful discharge of an at-will employee in retaliation for filing a workers' compensation claim, Pennsylvania appellate courts have yet to define the elements necessary to establish a prima facie case of retaliation. *Landmesser v. United Air Lines Inc.,* 102 F. Supp.2d 273 (E.D. Pa. 2000). In *Landmesser,* the Eastern District predicted that the Pennsylvania Supreme Court would follow the analysis already adopted in retaliation cases in the federal employment context. Under that analysis, in order to advance a prima facie case of retaliation for filing a workers' compensation claim under public policy exception to at-will employment doctrine, the plaintiff must show that (1) employee filed a workers' compensation claim; (2) the employer took adverse employment action after or contemporaneous with the filing of that claim; and (3) the existence of a causal link between the filing of the workers' compensation claim and the employer's adverse action. *Landmesser,* 102 F. Supp.2d 273, 277-78.

We agree with the Eastern District that the Pennsylvania Supreme Court would adopt this analysis were it faced with the issue, and therefore adopt the three-element test utilized in federal employment retaliation cases. In *Landmesser,* the District Court granted summary judgment for the defendant because the plaintiff had failed to

produce any evidence to support the third element. Likewise, Stoutmire has only produced evidence to support prongs (1) and (2), and nothing to support element (3).

The record establishes that defendant General Electric Company is entitled to summary judgment. Plaintiff Stoutmire bears the burden of proof, and has failed to adduce sufficient evidence to support her claim of wrongful discharge. Therefore, defendant is entitled to judgment as a matter of law.

And hence this order:

## ORDER

And now September 21, 2004, it is hereby ordered that defendant's motion for summary judgment is granted and summary judgment is entered in favor of the defendant and against the plaintiff.